In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-3285

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL E. LUEPKE,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06 CR 91—**John C. Shabaz**, *Judge.*

———————

ARGUED APRIL 2, 2007—DECIDED JULY 24, 2007

———————

Before RIPPLE, ROVNER and WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.*   Following a plea of guilty to a charge of conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, *see* 21 U.S.C. §§ 841(b)(1)(B), 846, Michael Luepke was sentenced by the district court to 240 months' imprisonment. He timely appeals his sentence. Because the district court did not afford him a meaningful opportunity to address the court prior to the imposition of sentence, we must vacate the sentence imposed and remand the case to the district court for a new sentencing proceeding.

# I

# BACKGROUND

At his plea hearing, Mr. Luepke admitted to conspiring to distribute significant quantities of methamphetamine. Specifically, he admitted to traveling to Chisago City, Minnesota and to purchasing eight ounces of methamphetamine, six of which he distributed to other individuals before returning to his home in Rice Lake, Wisconsin. He also admitted that, during a several month period in 2004 and 2005, he regularly had sold methamphetamine in quantities ranging from 1.75 grams to ½ ounce to another couple in the Rice Lake area.[1]

At Mr. Luepke's sentencing hearing, the district court heard argument from counsel about the findings of the presentence report, the proper advisory guidelines calculation and whether any deviation from the advisory guideline range would be appropriate. Mr. Luepke's counsel focused primarily on his client's susceptibility to methamphetamine addiction because of his attention deficit hyperactivity disorder ("ADHD"). Counsel contended that methamphetamine use had improved Mr. Luepke's functional level without certain side effects brought on by his prescription medications. He also contended that, because Mr. Luepke had received no significant financial gain from his enterprise, the court should conclude that his sale of methamphetamine simply supported an addiction precipitated by his efforts to control his disorder. Mr.

---

[1] According to the conversion tables included in the federal Sentencing Guidelines, *see* U.S.S.G. § 2D1.1, cmt. 10 (Measurement Conversion Table), one ounce is the equivalent of 28.35 grams.

Luepke's attorney further urged the court to reduce the offense level for Mr. Luepke's acceptance of responsibility in pleading guilty to the offense.

The district court agreed with the recommendations of the pre-sentence report about drug quantity, as well as its conclusion that Mr. Luepke's conduct warranted an obstruction enhancement and no reduction for acceptance of responsibility. With the offense level thus calculated to be 36, and based on a criminal history category of II, the court concluded that the appropriate advisory guidelines range was 210 to 262 months. Having announced the sentencing guidelines range, the district court then "call[ed] upon counsel for those comments as it relates to that sentence to be imposed." *Id.* at 9. Mr. Luepke's counsel declined to make further argument.

The court then considered certain of Mr. Luepke's counsel's prior arguments regarding Mr. Luepke's ADHD, but found that none lessened Mr. Luepke's culpability for the admitted conduct. The court noted that Mr. Luepke "appears to have become one of the largest distributors in the Rice Lake area" and that such conduct could not be attributable solely to his addiction. *Id.* at 10. Turning to the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), the court concluded that a sentence in the middle of the applicable guidelines range was appropriate to hold the defendant accountable, to serve as a deterrent and to promote respect for the law.

Without further presentations from counsel and without inviting any comment from Mr. Luepke about the appropriate sentence, the court then stated, "[a]ccordingly, as to Count 1 of the indictment it is adjudged the defendant is committed to the custody of the Bureau of Prisons for

imprisonment for a term of 240 months." *Id.* at 13. The court immediately detailed the terms of confinement and supervised release. *Id.* at 13-14.

Having announced the sentence in these seemingly conclusive terms, the court next said, "[b]efore *imposing* any sentence in this matter I will call upon the defendant for those matters which he would like to bring to the Court's attention." *Id.* at 14 (emphasis added). Mr. Luepke gave a short response: "Nothing. I'm just sorry for everything that's been done and the outcome of this." *Id.* at 15. The court then turned to defense counsel and asked whether, "[b]efore then *imposing* the sentence as previously announced," there was anything further. *Id.* (emphasis added). After a brief colloquy with Mr. Luepke's counsel on points not relevant to this appeal, counsel told the court that he had nothing further. The court then stated, "[w]e're not through yet. *I haven't imposed the sentence.*" *Id.* at 16 (emphasis added). Briefly noting that it had not considered certain disputed evidence offered by the Government in reaching its sentence, the court concluded, "[a]ll right. . . . the Court does impose that sentence as previously announced." *Id.* at 17.

Mr. Luepke timely filed this appeal.


## II

## DISCUSSION

Mr. Luepke submits that the district court erred in denying him the right to a meaningful allocution. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). He also claims that his sentence

is unreasonable.[2] Because we believe that the sequence of events at Mr. Luepke's sentencing hearing denied him the right to allocution and that resentencing is required on this basis, we do not reach the reasonableness of the sentence imposed.

## A.

As an initial matter, the parties dispute the appropriate standard of review. The Government asserts that, because no timely objection was interposed to the district court's announcement of a sentence before inviting Mr. Luepke to speak, Mr. Luepke has forfeited this issue for appeal. In the Government's view, Federal Rule of Criminal Procedure 52(b) requires that we apply the plain error standard. *See United States v. Olano*, 507 U.S. 725, 734 (1993). Mr. Luepke counters that, because the district court gave him no real opportunity to object, we should determine whether the district court erred and, if so, whether the error can be characterized as harmless. According to Mr. Luepke, the district court's method of proceeding up to the point when the sentence was "adjudged" did not put Mr. Luepke on notice that he was about to be sentenced without first being offered an opportunity to speak on his own behalf.

---

[2] In his brief, Mr. Luepke also contended that the presumption of reasonableness accorded to within-Guidelines sentences in this court is unconstitutional. Briefing and oral argument in this case predated the Supreme Court's decision in *Rita v. United States*, No. 06-5754 (U.S. June 21, 2007), which affirmed that the circuit courts of appeals may apply such a non-binding presumption on review of sentencing after *United States v. Booker*, 543 U.S. 220 (2005). *Rita*, slip op. at 6.

There is disagreement among the circuits about the proper standard of review for claims regarding the denial of the right to allocution when no contemporaneous objection is made at the sentencing hearing.[3] Although our court has not had the occasion to address the matter directly, we believe that the majority of the circuits have determined correctly that the right of allocution set forth in Rule 32 of the Federal Rules of Criminal Procedure is subject to forfeiture and therefore to plain error review. One case in this circuit, albeit in *dicta*, suggested that, when a rule imposes the duty to comply with its mandate squarely on the district court, as Rule 32 does regarding the right to allocution, the right should not be considered subject to forfeiture. *See United States v. Chatmon*, 324 F.3d 889, 892 (7th Cir. 2003) (discussing the district court's duty to make findings of fact at sentencing and analogizing to the right of allocution); *cf. United States v. Barnes*, 948 F.2d 325, 331 (7th Cir. 1991) (noting that the defendant in that

---

[3]  *See United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007) (reviewing allocution claim for plain error); *United States v. Magwood*, 445 F.3d 826, 828 (5th Cir. 2006) (same); *United States v. Plotts*, 359 F.3d 247, 250 (3d Cir. 2004) (same); *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002) (same); *see also United States v. Carter*, 355 F.3d 920, 926 & n.3 (6th Cir. 2004) (same in cases alleging not total denial, but inappropriate limitation). *But see United States v. Griggs*, 431 F.3d 1110, 1114 & n.4 (8th Cir. 2005) (noting circuit conflict but declining to revisit whether harmless error approach taken in *United States v. Patterson*, 128 F.3d 1259, 1261 (8th Cir. 1997), was correct); *United States v. Wolfe*, 71 F.3d 611, 614 (6th Cir. 1995) (reviewing de novo when the claim is a total denial of the right); *United States v. Carper*, 24 F.3d 1157, 1162 (9th Cir. 1994) (reviewing for harmless error).

case had not *waived* the right to allocution in part because the obligation of the rule is imposed directly on the district court). However, we believe that the United States Court of Appeals for the Fifth Circuit, in its en banc decision in *United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004), has answered effectively that view. In *Reyna*, the en banc court sat to address precisely the issue of the applicable standard of review for claims that a sentencing court had not complied with the requirements of Rule 32 and the right to allocution had been denied. That court thoroughly examined the history and purposes of Rule 32 and concluded that, although "the right of allocution is deeply rooted in our legal tradition and an important, highly respected right," it is "neither constitutional nor jurisdictional." *Id.* at 349. The court then noted that, although the Supreme Court has said little about the right in recent times, it has clarified substantially the scope of plain error review. Specifically, the Fifth Circuit relied upon the Supreme Court's statement in *United States v. Olano*, 507 U.S. 725, 731 (1993), that a " 'constitutional right or right of any other sort' may be forfeited by the failure to make a timely objection," to suggest that *all errors* in a criminal proceeding are subject to Rule 52(b) analysis. *Reyna*, 358 F.3d at 350. *Reyna* went on to note that, after *Olano*, the Supreme Court has confirmed that the seriousness of claimed errors does not operate to remove them from Rule 52(b). *See id.* (discussing *Johnson v. United States*, 520 U.S. 461, 466 (1997)). *Reyna* also observed that, in *United States v. Vonn*, 535 U.S. 55 (2002), the Supreme Court had applied plain error review to a district court's acceptance of a guilty plea without addressing the defendant personally as Rule 11 requires.

The reasoning in *Reyna* is not without substantial force.[4] Moreover, we believe that our decision in *United States v. Barnes*, 948 F.2d 325 (7th Cir. 1991), supplies clear support for the decision reached by our colleagues in the Fifth Circuit in *Reyna.* In *Barnes*, we examined the contours of

---

[4] The circuits that have concluded that de novo review is appropriate have not employed uniform reasoning. The Sixth Circuit noted first that it is extremely unlikely that a defendant will object, given the realities of sentencing; this fact, coupled with the purely legal error that a denial of allocution claim asserts, justified de novo review. *Wolfe*, 71 F.3d at 614. The Ninth Circuit, in reviewing a habeas challenge to a state court conviction, concluded that harmless error was appropriate after determining that the right to allocution was constitutionally protected, but was not a structural error requiring automatic reversal. It did not consider whether plain error would be appropriate because the defendant was affirmatively denied the right to speak. *Broadman v. Estelle*, 957 F.2d 1523, 1530 (9th Cir. 1992). Since adopting harmless error in this context, the Ninth Circuit has continued to apply it in federal criminal cases where no objection was made to the denial of the right. *See, e.g.*, *United States v. Gunning*, 401 F.3d 1145, 1148 & n.6 (9th Cir. 2005) (noting the possibility of plain error review, but further noting that the Ninth Circuit has "never applied that analysis . . . [p]erhaps because the error is so plainly plain that it falls within the category of errors that should be presumed prejudicial" (citing *United States v. Adams*, 252 F.3d 276, 287 (3d Cir. 2001)). The Eighth Circuit has employed harmless error review with citation to Ninth Circuit precedent. *Patterson*, 128 F.3d at 1261 (citing *Carper*, 24 F.3d at 1162). Although it has since noted the circuit conflict on the issue, that court has declined to decide whether harmless or plain error should be applied going forward. *See Griggs*, 431 F.3d at 1114 & n.4.

the right of allocution. In the course of that discussion, we emphasized that the rule did not intend to place on the defendant the burden of changing the judge's mind *after* the judge had reached a firm decision:

> It is unpersuasive, considering the realities of the court room setting, to suggest that [the defendant] should have attempted to address the court *after* sentencing, to say, in effect, "now that you have imposed sentence, let me share some mitigating circumstances you may wish to consider in meting out my punishment." Generally, to address the court after sentencing does not serve the purpose underlying the rule.

*Id.* at 331 (emphasis in original). We hastened to add:

> However, a trial judge, realizing after sentencing that the right of allocution has been neglected, may rectify the situation by, in effect, setting aside the sentence, reopening the proceeding, and inviting the defendant to speak. *See Gordon v. United States*, 438 F.2d 858 (5th Cir. 1971); *Sandroff v. United States*, 174 F.2d 1014, 1020 (6th Cir. 1949); *Hardy v. United States*, 159 F. Supp. 208 (S.D.N.Y. 1957), *aff'd*, 252 F.2d 780 (2d Cir.), *cert. den.*, 356 U.S. 944 (1958). Under this approach, the trial court must genuinely reconsider the sentence in light of the elicited statement. *See United States v. Pelaez*, 930 F.2d 520 (6th Cir. 1991) (remanding case in which defendant granted opportunity to speak after sentence determination); *United States v. Byars*, 290 F.2d 515 (6th Cir. 1961) (same). This approach is not at issue here because the trial judge never had occasion to rectify the omission of Barnes' right of allocution.

948 F.2d at 331 n.5 (parallel citations omitted).

In short, in *Barnes*, although stressing that repair would not be easy, we did perceive that the denial of the right to allocute could be cured by the district court if timely objection was made by counsel. Therefore, we believe that the failure of the counsel to object, especially when, as here, the court invites counsel to speak, requires that we consider the right subject to forfeiture and therefore to the plain error rule.

**B.**

Having determined that plain error is the appropriate standard of review, we now must determine whether, on the record before us, the defendant has established that plain error exists.

Plain error review requires us to determine: (1) that error occurred; (2) that the error was plain; and (3) that the error affected the defendant's substantial rights. *United States v. Simpson*, 479 F.3d 492, 496 (7th Cir. 2007). If these criteria are met, we may reverse, in an exercise of discretion, if we determine that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*; *see also Olano*, 507 U.S. at 732.

**1.**

There is little question that the district court erred in "adjudging" a definitive sentence before permitting the defendant to address the court. Federal Rule of Criminal Procedure 32 reads, in pertinent part:

(4) **Opportunity to Speak.**

(A) **By a party.** Before imposing sentence, the court must:

(i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;

(ii) *address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence*; and

(iii) provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

Fed. R. Crim. P. 32(i)(4)(A) (emphasis added).

In *United States v. Green*, 365 U.S. 301, 304 (1961) (plurality opinion) (Harlan, J.), a plurality of the Supreme Court interpreted the right to allocution in a prior version of Rule 32 and held that the right was a personal one. The Court held that the rule required a sentencing court to ask the defendant *himself* if he wished to make a statement for the court to consider *before* the imposition of a sentence. *Id.* The Court explicitly recognized that "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.* Although the plurality in *Green* concluded that the record did not reveal whether Green himself had been denied the right, the Court directed district judges to remove any ambiguity in future cases: "Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Id.* at 305. Rule 32 was amended to its present form to incorporate the rationale of *Green. See* Fed. R. Crim. P. 32, advisory committee's notes to the 1966 Amendments,

Subdivision (a)(1).[5]

The following year, the Supreme Court again addressed the allocution right and noted, in the course of describing *Green*, that "eight members of the Court concurred in the view that Rule 32(a) *requires* a district judge before imposing sentence to afford every convicted defendant an opportunity personally to speak in his own behalf. There thus remains no doubt as to what the Rule commands." *Hill v. United States*, 368 U.S. 424, 426 (1962) (holding that the right could not be asserted on collateral attack) (emphasis added). *Hill* noted that, in cases on direct review, the proper relief to a defendant who had been denied the personal right to allocution under Rule 32 was to remand for resentencing in compliance with the rule. *Id.* at 429 n.6 (citing *Van Hook v. United States*, 365 U.S. 609 (1961) (per curiam)).

Since these Supreme Court decisions, we have considered, on numerous occasions, a defendant's right to allocute and to present evidence in mitigation to support a plea for a lower sentence. *See, e.g.*, *United States v. Aquilla*, 976 F.2d 1044, 1054 (7th Cir. 1992); *Barnes*, 948 F.2d at 330-31. We have held that "[d]enial of the right to allocution or *compliance by a judge in form only* is grounds for the vacation or reversal of a sentence." *United States v.*

---

[5] Changes to the rule following *United States v. Green*, 365 U.S. 301, 304 (1961) and *Hill v. United States*, 368 U.S. 424, 426 (1962), make the conclusions drawn in these cases even clearer. The rule no longer ambiguously refers to the right of "the defendant" to speak on his own behalf, but treats that right as separate from the right of the defendant to have his *attorney* speak on his behalf. *Compare* Fed. R. Crim. P. 32(i)(4)(A)(i) and 32(i)(4)(A)(ii).

*Clemmons*, 48 F.3d 1020, 1025 (7th Cir. 1995), *overruled on other grounds by United States v. Allender*, 62 F.3d 909 (7th Cir. 1995), (emphasis added). We further have acknowledged that the Supreme Court has directed us "to apply Rule 32[(i)(4)] liberally, to freely grant defendants the right to make a statement prior to the imposition of sentence in all circumstances." *Barnes*, 948 F.2d at 328-29.

The record before us reveals that the standard announced by the Supreme Court and acknowledged as binding in our cases was not followed in this case. We do not believe that the district court's belated invitation to Mr. Luepke to speak after the announcement of the sentence alters, in any significant way, the detriment to the defendant from the court's earlier error. In *Barnes*, we acknowledged that, when a district court commits error by not affording the defendant an opportunity to speak before the imposition of sentence, the situation can sometimes be remedied: A district could "set[] aside the sentence, reopen[] the proceeding, and invit[e] the defendant to speak." *Barnes*, 948 F.2d at 331 n.5. However, in order for this process to be truly effective, we noted that the district court "must genuinely reconsider the sentence in light of the elicited statement." *Id.*

To rectify omission of the right of allocution, the remedy must ensure that the original purposes of the right of allocution are served. *Barnes* makes clear, in no uncertain terms, that we shall not presume those purposes have been protected simply because, *at some point* before the close of a sentencing proceeding, a defendant is invited to speak. Instead, the district court actually must take steps to *communicate* effectively to the defendant that, through his statement, he has a meaningful opportunity to influence the sentence. As we noted in *United States v. Williams*,

258 F.3d 669 (7th Cir. 2001), "Rule 32[] does not purport to set out a script that the district courts must follow when advising defendants of their right to allocution. Instead, the *substance* of what occurred is what counts." *Id.* at 672 (internal citation omitted) (emphasis added).

Just as we attribute to a judicial officer the professional ability and integrity to hear inadmissible evidence in the course of trial but not to consider it, we also must credit the judicial officer's statement that he is willing to put aside an earlier decision and judge a matter de novo. When the record reflects that the judicial officer took such steps to ensure such a de novo review and explicitly assured the defendant that the sentence would be considered de novo on the basis of his statement, the error has been corrected.

The district court's handling of the matter in this proceeding did not contain any such assurances to the defendant. Whatever the distinction the court meant to draw between "adjudging" and "imposing" a sentence, a reasonable defendant—with ears likely still ringing from a definitively pronounced twenty-year prison term—would not have been able to parse the terms so finely. Under these circumstances, as *Barnes* suggests, the defendant had little incentive to share his thoughts on the matter of a sentence that he had every reason to believe had already been decided. Indeed, it would be quite reasonable for a defendant in such a situation to conclude that a manifestation of any disagreement with the court at that juncture would be interpreted as disrespectful and warranting additional sanctions. Accordingly, we must conclude that the district court erred in announcing a definitive sentence without first inviting Mr. Luepke to speak. We also conclude that the district court's later

invitation to speak cannot be characterized as an adequate repair of the damage. Given the explicit guidance in *Barnes*, this error is plain.

**2.**

We now must consider whether this plain error affected Mr. Luepke's substantial rights. The Supreme Court has stated that, in the ordinary case, a defendant's burden of showing that substantial rights were affected by an error requires him to demonstrate prejudice. *See Olano*, 507 U.S. at 735. It also has left open the possibility, however, that prejudice might be presumed under some circumstances. *Id.*

There is a division among the circuits on whether a court of appeals ought to presume prejudice when a violation of the right to allocute is established. *See United States v. Adams*, 252 F.3d 276, 287 & n.9 (3d Cir. 2001) (discussing possible approaches). In our view, our colleagues in the Third and Fifth Circuits have determined correctly that, when there has been a violation of the right to allocute, a reviewing court should presume prejudice when there is any possibility that the defendant would have received a lesser sentence had the district court heard from him before imposing sentence. This approach acknowledges the immense practical difficulty facing a defendant who otherwise would have to attempt to prove that a violation affected a specific sentence; it also avoids our speculation about what the defendant might have said had the right been properly afforded him. *See Reyna*, 358 F.3d at 351-52; *see also Adams*, 252 F.3d at 285-86, 289; *cf. United States v. Cole*, 27 F.3d 996, 999 (4th Cir. 1994) (declining an absolute rule that denials of the right to

allocute are prejudicial, but holding that, when a defendant can demonstrate the legal "possibility" that he may have been able to persuade the court to impose a shorter sentence, prejudice is established).

In a post-*Booker* world, in which sentencing determinations are left to the sentencing court's reasonable exercise of discretion, guided by the statutory criteria of 18 U.S.C. § 3553(a), this approach has even more to recommend it than it had in the age of binding guidelines. It would be almost impossible to determine whether, in the context of the advisory guidelines and the court's balancing of the statutory sentencing factors, a defendant's statement, that was never made, would have altered the conclusions of the sentencing court. That the right to allocution, properly afforded, *could have* had such influence is the most we reasonably can expect a defendant to demonstrate. *Cf. United States v. Thornton*, 463 F.3d 693, 701 (7th Cir. 2006) *cert. denied*, 75 U.S.L.W. 3707 (U.S. June 29, 2007) (No. 06-9011), (rejecting a defendant's claim that prejudice should be presumed when "its existence is easily discoverable by the defendant").

**3.**

Having determined that the elements of plain error are satisfied, we turn to our final inquiry, whether, in the exercise of discretion, we should correct the error. We shall reverse on the basis of plain error only if we conclude that it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (modification in original).

We believe that, in the vast majority of cases, the denial of the right to allocution is the kind of error that undermines the fairness of the judicial process. As we said in

*Barnes*, "[a]side from its practical role in sentencing, the right has value in terms of maximizing the *perceived equity* of the process." 948 F.2d at 328 (internal quotation marks and citation omitted) (emphasis added); *see also United States v. Muhammad*, 478 F.3d 247, 251 (4th Cir. 2007) (ruling that the defendant's showing of a possibility of influencing his sentence warranted a finding that he had satisfied the "substantial rights" prong of plain error analysis and that relief was warranted in the exercise of discretion); *Adams*, 252 F.3d at 288 (holding that "the legitimacy of the sentencing process [is] called into question when [the] right of allocution [is] violated" and that an exercise of discretion is warranted). Absent some rare indication from the face of the record that the denial of this right did not implicate these core values in our sentencing process, resentencing is the appropriate judicial response.[6] We see no such circumstances here, and, accordingly, we exercise our discretion to reverse the district court's error in denying the rights accorded Mr. Luepke under Rule 32(i)(4)(A)(ii).

## Conclusion

We conclude that the district court plainly erred in pronouncing its sentence without affording Mr. Luepke

---

[6] *But see United States v. Reyna*, 358 F.3d 344, 352 (5th Cir. 2004) (en banc) (declining to exercise discretion to reverse plain error when the defendant's sentence was imposed for violation of the terms of supervised release in the exact terms the district court had warned the defendant twice would be imposed, and when, at each proceeding in which the defendant was warned, he was afforded the right to allocute).

a prior opportunity to speak and in failing to correct the error in a manner recognized by this court's precedent. Because this error was prejudicial and affected the fairness of the proceeding, we must vacate the sentence imposed and remand the case to the district court for a new sentencing proceeding. Circuit Rule 36 shall apply.

VACATED and REMANDED

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*