In the

# United States Court of Appeals
## For the Seventh Circuit

No. 07-1559

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BERNARD J. O'HALLAREN, III,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 43—**George W. Lindberg**, *Judge.*

ARGUED SEPTEMBER 14, 2007—DECIDED OCTOBER 2, 2007

Before BAUER, EVANS, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Appellant O'Hallaren appeals from a final order and judgment from the United States District Court for the Northern District of Illinois, Eastern Division, that revoked O'Hallaren's supervised release and sentenced him to 28 months in a federal prison. We vacate the district court's sentence and remand for a new sentencing proceeding.

## I. Background

Appellant O'Hallaren was released from the Bureau of Prisons on July 24, 2006 after serving time for interstate

transportation of stolen property. As part of that original sentence, the district court ordered O'Hallaren to serve 36 months of supervised release after his detention in the federal prison. Terms of this supervised release included that O'Hallaren: (1) must not possess any controlled substance not prescribed to him by a physician; (2) must report in person to the Probation Office within 72 hours of being released from custody; (3) must participate in a program of drug aftercare as directed by the Probation Office; and (4) must subject himself to drug testing by the Probation Office.

O'Hallaren did not comply with these terms of supervised release for long. On his first and only meeting with a probation officer, O'Hallaren submitted to the required drug test and tested positive for cocaine. By September 5, 2006, the Probation Office filed a Special Report requesting a hearing for a rule to show cause why O'Hallaren's supervised release should not be revoked. In the Special Report, the Probation Office cited five grounds for revocation: (1) failure to report to the probation officer and submit a truthful written report; (2) failure to participate in a drug aftercare program as directed; (3) unlawful use of cocaine; (4) failure to submit to mandatory drug testing; and (5) failure to follow the instructions of the probation officer.

Judge Lindberg scheduled multiple hearings on the supervised release revocation, but a substantive hearing on the issue did not occur until February 7, 2007. At this hearing, O'Hallaren's counsel suggested an alternative sentencing proposal that involved a voluntary drug treatment program with a success rate comparable to most other drug treatment programs. The government stated that this would be acceptable as long as it was followed by a 120-day outpatient program where O'Hallaren would be required to live at the Salvation Army. However, the Probation Office maintained the

position that O'Hallaren should be detained in a federal prison because he continued to use drugs, past treatment programs have not worked for him, he continued to disobey the law with fraudulent behavior, and in light of all of these issues, he posed a risk to the public. The hearing was continued again to another date when O'Hallaren was able to have a witness testify to the validity and appropriateness of the suggested drug treatment program in lieu of confinement. After O'Hallaren, the government, and the Probation Office had spoken, Judge Lindberg scheduled the hearing to reconvene for his decision and sentencing on February 20, 2007.

At the February 20, 2007 hearing, Judge Lindberg reviewed the history of the case and the allegations against O'Hallaren and acknowledged that O'Hallaren had admitted to all five violations of his supervised release as charged.[1] Immediately after reciting the extensive criminal record of O'Hallaren and the sentencing recommendations of the parties and the Probation Office, Judge Lindberg revoked O'Hallaren's supervised release and sentenced O'Hallaren to two 14-month sentences to be served consecutively with no supervised release to follow. At no point *before* the revocation of O'Hallaren's supervised release or the imposition of his 28-month prison sentence was O'Hallaren or his counsel offered an opportunity to address the court. After the sentence was pronounced, O'Hallaren's counsel objected to the consecutive feature of the sentence. In response, Judge Lindberg said "All right, so noted. Anybody else?" Other

---

[1] O'Hallaren's counsel at oral argument pointed out that the violations were admitted only in the context and for the purpose of reaching an agreement with the government for the alternative drug treatment program, and not with the anticipation of those being used against O'Hallaren beyond the agreement context.

than this belated request, no opportunity to address the court was presented during this hearing.

## II. Discussion

O'Hallaren first asserts that the district court denied him his right to allocution when it failed to allow him or his attorney an opportunity to address the court prior to revoking his supervised release and imposing a new sentence. *See* Fed. R. Crim. P. 32.1(b)(2)(E).

A defendant's right to allocution at a supervised release revocation sentencing is codified at Federal Rule of Criminal Procedure 32.1(b)(2)(E), which states that a defendant is entitled to "an opportunity to make a statement and present any information in mitigation." Before imposing a term of reimprisonment following the revocation of supervised release, Rule 32.1 requires that a district court ask the defendant if he or she would like to make a statement for the court to consider in determining his or her sentence. *United States v. Pitre*, No. 06-3935 at *6 (7th Cir., argued July 10, 2007)[2]; *see Green v. United States*, 365 U.S. 301, 304 (1961) (Rule 32 requires explicit invitation to defendant to speak prior to imposing a sentence); *United States v. Luepke*, No. 06-3285, 2007 WL 2091227, slip op. at 11-12 (7th Cir. Jul. 24, 2007) (same).

There is little question as to whether O'Hallaren had an opportunity to address the district court prior to the imposition of his sentence. At no point during the February 20, 2007 revocation and sentencing hearing did

---

[2] In this case, we determined that Rule 32 and Rule 32.1 require the same formalities in a case currently pending in the Court. This opinion adopts Judge Ripple's well-reasoned opinion on that issue.

Judge Lindberg make any invitation to the O'Hallaren or his counsel to make a statement in mitigation. Judge Lindberg's inquiry of "Anybody else?" following defense counsel's objection to the consecutive nature of the sentence was imposed failed to satisfy O'Hallaren's right to allocution under Rule 32.1(b)(2)(E) both in timing and in form. *Luepke*, slip op. at 9, 12-13 (quoting *United States v. Barnes*, 948 F.2d 325, 331 (7th Cir. 1991)); *see United States v. Clemmons*, 48 F.3d 1020, 1025 (7th Cir. 1995) ("Denial of the right to allocution or compliance by a judge in form only is ground for the vacation or reversal of a sentence."), *overruled on other grounds by United States v. Allender*, 62 F.3d 909 (7th Cir. 1995); *see also Barnes*, 948 F.2d at 331 (defendant must be allowed to make a statement *before* the judge imposes a sentence).

As to whether this error affected O'Hallaren's substantial rights, we presume prejudice when there is any possibility that the defendant would have received a lesser sentence had the district court allowed him to speak before imposing a sentence. *Luepke*, slip op. at 15-16; *see United States v. Reyna*, 358 F.3d 344, 351-52 (5th Cir. 2004); *see also United States v. Adams*, 252 F.3d 276, 285-86, 289 (3d Cir. 2001). As this Court discussed at length in *Luepke*, we cannot speculate as to the persuasive ability of anything O'Hallaren may have said in his statement to the court.

For the sake of argument only, we consider what O'Hallaren may have said to the district court judge if he had the opportunity. O'Hallaren asserts that he would have made a statement that included the following sympathetic points: that O'Hallaren contacted his probation officer to request help because he was slipping back into his old drug habits; that O'Hallaren independently identified the proposed alternative drug treatment program before his supervised release was revoked; and,

that the government agreed with O'Hallaren's counsel that O'Hallaren should be given one last chance before being re-incarcerated for his non-violent crimes. Even if we were to speculate as to O'Hallaren's persuasive abilities, we certainly could not say with any assurance that the denial of his right to allocution did not affect O'Hallaren's sentence.

When there has been an error at the sentencing phase, we reverse if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997); *United States v. Simpson*, 479 F.3d 492, 496 (7th Cir. 2007). Along those lines, remand is generally required when a defendant has been denied the right to allocution. *Luepke*, slip op. at 16-17; *Barnes*, 948 F.2d at 328 (adherence to the right to allocution maximizes the perceived equity of the process). "Absent some rare indication from the face of the record that the denial of this right did not implicate these core values in our sentencing process, resentencing is the appropriate judicial response." *See Luepke,* slip op. at 16-17. We see no such circumstances here, therefore we exercise our discretion to remand the case for a new sentencing proceeding to provide O'Hallaren the rights accorded him under Rule 32.1(b)(2)(E).

Because the sentence imposed by Judge Lindberg is vacated, we need not discuss the reasonableness of that sentence.

## III. Conclusion

For the reasons stated herein, the district court's judgment is vacated and this case is remanded to the district court for resentencing. Circuit Rule 36 shall apply on remand.

The mandate shall issue forthwith.

No. 07-1559                                                    7

A true Copy:

     Teste:

 

                         _____
                         *Clerk of the United States Court of*
                         *Appeals for the Seventh Circuit*