NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2008
Decided October 10, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3711

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-091-C-01 |
| MICHAEL E. LUEPKE, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

After a lengthy investigation, Michael Luepke was indicted on three counts of conspiring to distribute and distributing methamphetamine under 21 U.S.C. § 841(a)(1) and § 846. The day of his arrest he kicked and damaged the door of the vehicle transporting him to court, which led to an additional charge of attempting to escape from custody under 18 U.S.C. § 751(a). Luepke eventually pleaded guilty to one count of conspiracy to distribute more than fifty grams of a mixture containing methamphetamine. The district court sentenced him to 240 months of imprisonment, within the guidelines range of 210 to 262

months. He appealed, and we remanded for resentencing because he was not given a meaningful opportunity to address the court before being sentenced. *United States v. Luepke*, 495 F.3d 443 (7th Cir. 2007). On remand, the district court sentenced Luepke to 220 months. Luepke has again appealed, but his appointed counsel moves to withdraw because counsel discerns no nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Luepke did not accept our invitation to respond to his lawyer's brief, *see* CIR. R. 51(b), so we limit our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-34 (7th Cir. 2002).

Counsel first considers whether Luepke could challenge his guilty plea in any manner, but as counsel recognizes, he waived any such argument by not raising it in his first appeal. *United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007).

Counsel next considers whether Luepke could challenge the reasonableness of his sentence. We review sentencing decisions for abuse of discretion to ensure that the guidelines range is properly calculated, that the court adequately considered the factors under 18 U.S.C. § 3553(a), and that the sentence is substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). We presume a correctly calculated sentence to be reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462-64 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Luepke's sentence was correctly calculated using the 2005 guidelines and March 2006 supplement, and is the same under the current version. The court appropriately considered the § 3553(a) factors, including Luepke's history and characteristics, the circumstances of his offense, the need for deterrence, and the protection of the community. The court considered Luepke's request for a below-guidelines sentence because he took methamphetamine to alleviate his Attention Deficit Hyperactivity Disorder, but concluded that his distribution of large quantities of methamphetamine to numerous people warranted a within-guidelines sentence. This was all that was required.

Counsel next addresses the issues that Luepke specifically wished to raise. First, counsel considers whether Luepke should have received an acceptance-of-responsibility adjustment for pleading guilty and cooperating with the government's investigation. *See* U.S.S.G. § 3E1.1(a). A defendant is not entitled to the adjustment merely for pleading guilty. U.S.S.G. § 3E1.1 cmt. n.3; *United States v. Krasinski*, No. 07-1965, 2008 WL 4276589, at *7 (7th Cir. Sept. 19, 2008). Moreover, when a defendant receives an adjustment for obstruction of justice, that "ordinarily indicates that the defendant has not accepted responsibility," though there may be "extraordinary cases" in which both adjustments apply. U.S.S.G. § 3E1.1 cmt. n.4; *Krasinski*, 2008 WL 4276589, at *7. The PSR reflects, and the court found, that Luepke threatened to have an associate beaten if the associate talked to the

police about him (conduct for which Luepke received an obstruction-of-justice adjustment), that he continued to distribute methamphetamine long after he became aware of the investigation into his activities, and that he kicked and damaged the door of the vehicle transporting him to the courthouse the day of his arrest. Given this conduct, his plea and assistance to law enforcement do not make his case extraordinary.

Counsel next addresses whether the court erred in adjusting Luepke's sentence upward for possessing a weapon that Luepke did not brandish or use. But brandishing or use is not an element of weapon possession; the guideline requires only that a defendant "possessed" the weapon. *See* U.S.S.G. § 2D1.1(b)(1); U.S.S.G. § 2D1.1 cmt. n.3; *United States v. Womack*, 496 F.3d 791, 797-98 (7th Cir. 2007). As the district court noted, Luepke does not dispute that he twice possessed a gun during a drug transaction: once when he traded guns for methamphetamine, and once when he answered the knock of a drug customer with a gun in his pocket. Those facts are all that is needed to warrant the upward adjustment.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.