**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2010
Decided February 17, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1274

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 983-1 |
| MAURICE CAGE, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Between 2000 and 2001 Maurice Cage and a co-defendant operated a scheme in which they purchased homes, resold them at inflated prices to buyers whom they had recruited, helped those buyers fraudulently obtain mortgage loans, and then kept the profits. The government discovered the scheme and eventually charged Cage with mail fraud, 18 U.S.C. § 1341, based on false statements in mortgage documents that he helped to prepare and mail. Cage pleaded guilty pursuant to a written plea agreement, and the district court sentenced him to 24 months' imprisonment, three years supervised release, restitution in the amount of $627,976, and a $100 special assessment. Cage appeals, but his

appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Cage did not respond to our invitation to comment on counsel's motion, *see* CIR. R. 51(b), so we review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Cage told counsel that he wants his guilty plea set aside, counsel first addresses whether there is any basis to challenge the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Cage did not move to withdraw his plea in the district court, so we would examine the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007). Counsel considers whether Cage might challenge the voluntariness of his plea because in conducting the plea colloquy, the district court did not advise him that he could be subject to forfeiture or the $100 special assessment. *See* FED. R. CRIM. P. 11(b)(1)(J), (L). But Cage was not harmed by these omissions because his written plea agreement included the omitted information. (R. Doc. 73 ¶¶ 11, 19.) *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). Furthermore, forfeiture was neither sought by the government nor imposed by the court. The court's omissions during the plea colloquy do not rise to the level of plain error, and so we agree with counsel that any challenge to Cage's plea would be frivolous.

Counsel next examines whether Cage could argue that the district court miscalculated his guidelines range. In particular, counsel asks whether Cage could contest the court's loss calculation, which was based on the total value of the mortgage loans fraudulently obtained ($1,348,697), without an offset for the amount that the defrauded lenders were able to recover by selling the properties securing the loans. With the offset for the lenders' sales, the total loss was $684,476. The court should have factored the offset into its calculation. *See United States v. Lane*, 323 F.3d 568, 590 (7th Cir. 2003). But, as counsel recognizes, it would be frivolous for Cage to raise this issue because the court (erroneously) gave him a break by using the 2000 version of the guidelines instead of the 2008 version in effect at the time of his sentencing. *See United States v. Demaree*, 459 F.3d 791, 793-95 (7th Cir. 2006). If the court had used the 2008 guidelines and the *correct* loss amount ($684,476), Cage's guidelines range would have been 37 to 46 months, more than the range of 24 to 30 months that the court calculated using the 2000 guidelines and the *incorrect* loss amount ($1,348,697).

Counsel also evaluates whether Cage could argue that the court denied him the right to a meaningful allocution by not providing him an opportunity to address the court until after it had announced its proposed sentence. *See* FED. R. CRIM. P. 32(i)(4)(A)(ii). Although the court should have allowed Cage to speak before pronouncing sentence, *see id.*, counsel timely objected and the court rectified its error by "backtracking" in the proceedings and

inviting Cage to speak—and assuring him that any statement he made would be taken into consideration when it re-determined his sentence. *See United States v. Luepke*, 495 F.3d 443, 450 (7th Cir. 2007)*; United States v. Barnes*, 948 F.2d 325, 331 n.5 (7th Cir. 1991). Counsel sees no reversible error in the court's actions, and we agree that any challenge on this basis would be pointless.

Counsel next discusses whether Cage could argue that the court abused its discretion by incorrectly determining the restitution amount or misstating it in the judgment. The restitution amount proposed by the government and adopted by the court at sentencing was the amount in mortgage loans that Cage helped to fraudulently secure less the amount that the lenders recovered through sale of the fraudulently purchased properties. This was a proper way to calculate the amount of restitution Cage owed, *see United States v. Allen*, 529 F.3d 390, 396 (7th Cir. 2008), so it would be frivolous to argue with the court's determination. And although, as counsel notes, the judgment stated the total amount of restitution owed, without noting that money seized from Cage at the time of his arrest was to be deducted from the total, any possible error by the court in omitting this information was harmless because the money has been credited toward Cage's restitution obligations. Counsel does not comment upon the unexplained discrepancy between the amount of restitution the district court pronounced at sentencing ($684,476) and the amount set forth in the judgment ($627,976). But since the amount in the judgment is *less* than the restitution amount the district court ordered at sentencing, we conclude that any error on the court's part was to Cage's benefit, and so it would be frivolous for him to contest it.

Finally, counsel considers whether Cage could challenge the reasonableness of his sentence. Cage was sentenced below the correct guidelines range, and we have expressed skepticism with arguments that a below-guidelines sentence is unreasonable. *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009). In settling on a total incarceration period of 24 months, the court evaluated all of the arguments in mitigation made by Cage, including his poor health and role as a single parent to a teenage daughter, but concluded that the sophisticated and extensive nature of Cage's scheme and the demonstrable cost that the public has had to bear from fraudulent mortgages foreclosed a more lenient sentence. We agree with counsel that it would be frivolous for Cage to assert that his mitigation arguments warranted a lower sentence.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.