**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010
Decided March 11, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3014

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 08-CR-156 |
| EDGAR J. HOLDER, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

In the sprawling expanses of the market for crack cocaine, Edgar Holder occupied a cozy corner in southern Wisconsin. His operation involved purchasing large quantities of crack in Chicago and retailing it in Janesville, Wisconsin. He recruited "runners" to sell the drugs in Wisconsin, and one of them was persuaded by investigators to help the government build a case against Holder. Holder was arrested after making a series of controlled buys with individuals working at his direction. He pleaded guilty to one count of conspiring to possess with intent to distribute 50 or more grams of crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 200 months' imprisonment. Holder filed a notice of appeal, but his counsel, having concluded that the appeal is frivolous, seeks permission to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Since Holder

did not respond to his counsel's *Anders* submission, we review only the issues raised in counsel's brief, which is facially adequate. *See United States v. Garcia*, 580 F.3d 528, 543 (7th Cir. 2009).

Counsel first considers whether Holder could challenge the reasonableness of his sentence. The court properly calculated the guidelines range and sentenced him to 200 months' imprisonment, ten months below the bottom of his range. However, challenging a below-range sentence as unreasonably high is generally a futile endeavor, *see United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008), and we find nothing in the record to suggest that Holder's case presents an exception. The court properly considered the factors in 18 U.S.C. § 3553(a), fixing its attention on Holder's personal background and criminal history. *See id*. § 3553(a)(1). With six drug-related convictions, Holder, the court said, appeared to be "the epitome of a career offender." And given his long pattern of criminal conduct, the court was not persuaded that his disadvantaged personal background warranted a further reduction. Accordingly, we agree with counsel that it would be frivolous to argue that Holder's sentence was unreasonable.

Counsel also considers arguing that the district court denied Holder the right of a meaningful allocution in violation of Federal Rule of Criminal Procedure 32. He examines whether the court might have erred when it cut short the statement Holder had prepared after allowing him to read from it at length (it took up 16 pages in the sentencing transcript). Holder did not raise this objection at sentencing, so we would review it for plain error. *United States v. Luepke*, 495 F.3d 443, 448 (7th Cir. 2007). Under Federal Rule of Criminal Procedure 32(i)(4), Holder had a right at sentencing to make a statement and present any information in mitigation of the sentence. FED. R. CRIM. P. 32(i)(4)(A)(ii); *United States v. Alden*, 527 F.3d 653, 663 (7th Cir. 2008).

We agree with counsel that a Rule 32 challenge would be frivolous. The right to speak at allocution is not without limits on time or content. *Alden*, 527 F.3d at 663 (allocution is not the proper time to reargue the merits); *United States v. Li*, 115 F.3d 125, 133-34 (2d Cir. 1997) (a fifteen- to twenty-minute allocution generally is enough to satisfy Rule 32); *United States v. Eibler*, 991 F.2d 1350, 1357 (7th Cir. 1993) (no right to in camera allocution); *United States v. Aquilla*, 976 F.2d 1044, 1054 (7th Cir. 1992) (defendant does not have a right to address the court at any particular time during sentencing). The sentencing judge was patient with Holder, allowing him to speak for what amounted to 14 pages in the sentencing transcript before encouraging him to "wind it up." Holder agreed, and then forged on for two additional transcript pages, stopping only to ask if he could read the last page. The court acted within its discretion in concluding that Holder had received a meaningful opportunity to present his case for a lenient sentence. *See Alden*, 527 F.3d at 663;

*see also Luepke*, 495 F.3d at 450 ("'Rule 32[] does not purport to set out a script that the district courts must follow when advising defendants of their right of allocution. Instead, the *substance* of what occurred is what counts.'" (quoting *United States v. Williams*, 258 F.3d 669, 674 (7th Cir. 2001))).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.