NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010[*]
Decided May 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-2446

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 506-1 |
| FLOYD DeBERRY, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

## O R D E R

Floyd DeBerry was arrested with a gun in Indiana three months after he completed a federal prison term for distributing crack and began serving a term of supervised release. He pleaded guilty in the Northern District of Indiana to possessing a gun as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 57 months' imprisonment, the low end of the guidelines range. DeBerry also admitted in the Northern District of Illinois, where his

---

[*]After examining the briefs and the record, we conclude that oral argument is not necessary. The appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

supervision for the drug crime was being monitored, that he violated the conditions of his release by possessing the gun. He was given a 21-month term of reimprisonment, to run consecutively to the § 922(g) sentence. We have already resolved DeBerry's appeal from the Northern District of Indiana, *see United States v. DeBerry*, 576 F.3d 708 (7th Cir. 2009), and now address his appeal from the revocation of supervised release. DeBerry argues that he was denied the right to allocute at the revocation hearing.

The district court in Illinois conducted a hearing during which the parties discussed whether the district court in Indiana had considered DeBerry's potential reincarceration for violating the terms of his supervision when it sentenced him for possessing the gun, and whether the Illinois district court should take that question into consideration when determining an appropriate term of reimprisonment. After brief arguments from counsel, the court said, "I guess I need to hear from Mr. DeBerry." DeBerry then explained his understanding of the Indiana sentence and told the court he was trying to be a lawful citizen and had the gun because he was concerned for his children's safety. The court continued the hearing to another day so that it could review the transcript from the Northern District of Indiana.

When the hearing resumed, DeBerry's counsel asked if DeBerry could address the court, and DeBerry argued that he should have received three instead of two points for acceptance of responsibility in the Northern District of Indiana. *See* U.S.S.G. § 3E1.1(b). The district court replied that DeBerry would have to make that argument in an appeal from the § 922(g) conviction (we later resolved the issue against him, *see DeBerry*, 576 F.3d at 711). After hearing arguments from counsel on the appropriate term of reimprisonment for violating the terms of supervision, the court stated:

> The range of 21 to 27 months seems appropriate to me and *what I'm going to do is impose a 21-month sentence* and I'm going to make that consecutive to what Mr. DeBerry is facing in the Indiana sentence.
>
> It does seem to me that a serious sanction is warranted. And I realize that the range is discretionary, but I do think it's appropriate in this case. It will be followed by an additional 2 years of supervised release.
>
> Mr. Deberry, is there anything further that you want to say?

(Emphasis added.) DeBerry answered that he had not been trying to harm anyone and was trying to turn his life around. The term seemed harsh, he added, compared to the sentences other felons had received for § 922(g) violations. After listening to DeBerry the court repeated its conclusion that a consecutive term of 21 months was appropriate.

DeBerry argues on appeal that the district court deprived him of his right to allocution, *see* FED. R. CRIM P. 32.1(b)(2)(E), by imposing the term of reimprisonment before asking him if he had anything to say. That rule requires a court to ask the defendant if he wants to make a statement, to potentially mitigate punishment, before imposing a term of reimprisonment. *United States v. O'Hallaren, III*, 505 F.3d 633, 635 (7th Cir. 2007); *United States v. Pitre*, 504 F.3d 657, 661-62 (7th Cir. 2007). The requirement is not met simply by inviting the defendant to speak "*at some point* before the close" of the proceeding. *United States v. Luepke*, 495 F.3d 443, 449 (7th Cir. 2007) (discussing parallel FED. R. CRIM. P. 32(i)(4)(A)(ii)). Instead, the district court must convey to the defendant that making a statement can influence the outcome. *Id*. Because DeBerry did not object at sentencing, we review for plain error, which requires us to determine whether error (1) occurred, (2) was plain, and (3) affected DeBerry's substantial rights. *See Pitre*, 504 F.3d at 661. If these requirements are met, we may exercise discretion to reverse if we conclude that the error "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *O'Hallaren III*, 505 F.3d at 636 (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Here, the government confesses error, but we are still required to make an independent assessment. *Nunez v. United States*, 546 F.3d 450, 452-53 (7th Cir. 2008); *United States v. Wilson*, 237 F.3d 827, 833 (7th Cir. 2001). We agree with the parties that there was error, but we do not find that remand is required. When the district judge said on the first day of the revocation hearing that she wanted "to hear from Mr. DeBerry," the court did not (if it was attempting to) invite DeBerry's allocution. This is because the court is required to address the defendant personally. *Pitre*, 504 F.3d at 661-62. The court referred to DeBerry in the third person, presumably because it was still addressing counsel. *See United States v. Noel*, 581 F.3d 490, 502 (7th Cir. 2009). Accordingly, before announcing that it was "going to impose a 21-month sentence" the court did not personally invite DeBerry to speak about matters that he thought should affect his term of reimprisonment. This was a plain error. *See id.* And it was also a violation of DeBerry's substantial rights because we presume prejudice if there is any possibility the court would have imposed a shorter term of reimprisonment if the court had allowed the defendant to speak before imposing the term. *See O'Hallaren III*, 505 F.3d at 636.

But we do not conclude that this error seriously affected "the fairness, integrity, or public reputation of judicial proceedings." *Id*. This is because, even though the court may have technically violated Rule 32.1, it is apparent that DeBerry thought the statement "I need to hear from Mr. DeBerry" was his opportunity to inform the court of factors that might influence his term of reimprisonment. After the court opened discourse with DeBerry, he told the court that he had been looking for a job, that he moved out of Chicago to avoid trouble, and that he had children that he was trying to protect. DeBerry does not argue on appeal that he would have said more in mitigation, and the government has not

offered any basis for its unreasoned conclusion that this discretionary element of the plain-error doctrine is satisfied. *See Pitre*, 504 F.3d at 662-63*; United States v. Magwood*, 445 F.3d 826, 830 (5th Cir. 2006); *United States v. Reyna*, 358 F.3d 344, 352-53 (5th Cir. 2004); *United States v. Quintana*, 300 F.3d 1227, 1231-32 (11th Cir. 2002); *United States v. Gerrow*, 232 F.3d 831, 834 (11th Cir. 2000) (per curium); *United States v. Karam*, 201 F.3d 320, 330-31 (4th Cir. 2000). Accordingly, we do not conclude that the failure to formally invite allocution undermined the integrity, fairness, or public reputation of the proceedings. *See Noel*, 581 F.3d at 503-04 (affirming sentence when there was no opportunity for allocution but defendant's letter, which was structured like an allocution, was read out loud prior to imposition of sentence).

                                                                                          AFFIRMED.