**CONCUR; and Opinion Filed August 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00442-CR
### No. 05-18-00443-CR

**DOUGLAS KEITH HALL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-00107-H, F16-00108-H**

## CONCURRING OPINION

By Justice Schenck

We turn aside appellant's complaint that he was denied an opportunity to speak in support of himself at sentencing because he did not timely object to the trial court's failure to afford it to him. That result is compelled by prior, binding authority, namely *Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978). *See also Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication). While I join with my colleagues in affirming the trial court's judgment, I write separately to highlight my belief that *Tenon* should be reconsidered. The right to allocution is fundamental, ministerial, and easily remedied by remand where it has been denied. Meanwhile,

demanding that the prostrate defendant, seeking mercy and leniency in a discretionary sentencing decision, start that effort by telling the decision-maker that he has erred is unrealistic and unfair.[1]

The right of allocution in our rules is hardly unique. "As early as 1689, it was recognized that the court's failure to ask the defendant if he had anything to say before sentence was imposed required reversal." *Green v. United States,* 365 U.S. 301, 304 (1961) (citing Anonymous, 3 Mod. 265, 266, 87 Eng. Rep. 175 (K.B.)). To my knowledge the requirement that the judge directly address the defendant and give him or her one direct, last opportunity to address the court independent of his counsel and the other systemic apparatuses applies in every state and the federal system. While it is difficult to presume that anything a defendant might say on his own behalf will have greater effect on the sentencing judge than the words of his counsel, the existence of the right suggests the potential has to be accounted for and, implies, at a minimum, a potential catharsis of whatever weight one assigns it.[2]

In the years since *Tenon* was decided, courts across the country have faced the question of whether the error in denying the right to allocution is worth fixing and have overwhelmingly decided that it should be redressable as some form of "plain," "fundamental" or, less often, "structural" error,[3] depending on the local lexicography.[4] The federal circuits have spoken widely

---

[1] Because the statutory right to allocution arises only at pronouncement and is limited in its actionable subject matter, my primary concern here is with sentencing imposed by the court itself. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 §b(2); *Id.* art. 42.07. The question whether a broader common-law right to allocution was supplanted by article 42.07 has remained unclear for four decades, largely as a result of the same error preservation requirements that preclude development of the question in cases where the court failed to advise the defendant of his right to speak at all. *E.g.*, *Gale v. State*, Nos. 05-17-00592-CR, 2018 WL 3434511, at *7 (Tex. App.—Dallas July 17, 2018, pet. ref'd) (mem. op., not designated for publication) (applying *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g).

[2] *State v. Brinkley*, 681 P.2d 351, 352-54 (Alaska Ct. App. 1984) (defendant receives lesser sentence following remand to permit allocution).

[3] In most appellate review systems, a "structural error" is one that may or may not also be "plain" in the sense that no objection is necessary, but so basic that courts should not inquire on its effect on the outcome and is thus not subject to any consideration of harm. *E.g., Sullivan v. Louisiana*, 508 U.S. 275 (1993); *Vazquez v. Hillery*, 474 U.S. 254, 263-64 (1986) (gathering examples).

[4] *People v. Bezon*, 2018 Guam 28, 20 (Guam Dec. 31, 2018) (holding the trial court committed plain error when it failed to personally address Bezon and failed to ask him whether he wished to make a statement before pronouncing the sentence); *State v. Abdullah*, 158 Idaho 386, 475, 348 P.3d 1, 90 (2015) ("we review this issue for fundamental error"); *State v. Jones*, 232 N.J. 308, 319, 180 A.3d 288, 295 (2018) ("When a trial court fails to afford a defendant the opportunity to make an allocution, in violation of Rule 3:21–4(b), the error is structural and the matter must be remanded for resentencing"); *State v. Berrill*, 196 W. Va. 578, 587, 474 S.E.2d 508, 517 (1996) ("Where no objection to the denial of allocution was made at trial, the error is subject to review for plain error").

on this subject and arrived at a variety of results. *United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004) (en banc) (finding plain error review applicable and developing harm analysis);[5] *compare id.* at 354 (Jones, J., concurring) (suggesting alternate harm analysis); *United States v. Adams*, 252 F.3d 276, 288 (3d Cir. 2001) (holding trial court committed plain error when it asked defense counsel but not defendant "Would your client like to exercise his right of allocution?" and presuming prejudice); *United States v. Luepke*, 495 F.3d 443, 452 (7th Cir. 2007) (finding reversible error where trial court pronounced sentence before asking the defendant and his counsel for any comments); *United States v. Cole*, 27 F.3d 996, 998 (4th Cir. 1994) (vacating judgment of lower court where defendant asked for the opportunity to speak after trial court announced sentence, and trial court told defendant to speak through his counsel).   The court of criminal appeals recognizes a right to review for fundamental and egregious error generally, but the formulation of that review as it presently stands, combined with the result in *Tenon* and its progeny, leave no room for any result other than the one our panel announces here.

As it stands, defendants are required to risk the ire of the individual who holds the power to deprive them of their fundamental liberties or lose the ability to complain about the error later.[6] This result does little to give purpose to the existence of the right and appears in conflict with the application and understanding of the rule elsewhere.   I believe that the formulation offered by either side of the Fifth Circuit's opinion in *Reyna* would constitute an improvement and allow for

---

[5] Speaking for the majority, Judge Davis summarized the standard as follows: "when such an error occurs without objection by the defendant and the record reveals that the district court did not sentence at the bottom of the guideline range or if the court rejected arguments by the defendant that would have resulted in a lower sentence, we will presume that the defendant suffered prejudice from the error." *Reyna*, 358 F.3d at 353.

[6] While it is exceedingly unlikely that the judge in this or any other case would take offense or alter a sentence on account of being so admonished or corrected, what defendant will want to take that risk?

a simple, plain and effective remedy in circumstances that warrant it.   Consequently, I do not

join in the majority's opinion and, instead, respectfully concur in the Court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Osborne, J. joins this concurring opinion


180442CF.U05