**Martin V. KIESEWETTER,
Plaintiff–Appellant,**

v.

**CATERPILLAR INC., Defendant–
Appellee.**

No. 08–2140.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 2, 2008.*

Decided Oct. 9, 2008.

---

* After examining the briefs and the record, we have concluded that oral argument is unnec- essary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Martin V. Kiesewetter, Tremont, IL, for Plaintiff–Appellant.

Jason M. Torres, Attorney, Seyfarth Shaw LLP, Chicago, IL, for Defendant–Appellee.

Before FRANK H. EASTERBROOK, Chief Judge, ANN CLAIRE WILLIAMS, Circuit Judge and DIANE S. SYKES, Circuit Judge.

### Order

Caterpillar fired Martin Kiesewetter in 2005 after he behaved unacceptably at a training session. Kiesewetter attributes his words and actions to the manic phase of his bipolar disorder and contends that the Americans with Disabilities Act required Caterpillar to accommodate his conduct by tolerating it. The district court granted summary judgment to Caterpillar, finding that Kiesewetter's mental condition is not a "disability" as the ADA uses that term. The district judge did not reach other questions, such as whether Kiesewetter is "qualified" if he cannot meet the employer's legitimate expectations about conduct toward superiors and co-workers.

■ After the district court entered its judgment, Congress amended the ADA's definition of "disability." See § 3 of the ADA Amendments Act of 2008 (Sept. 25, 2008). Section 8 of this statute provides that the legislation's effective date is January 1, 2009, so it does not apply to this appeal. We use the laws and interpretations that were in force when the complained-of acts occurred. See *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

■ A "disability" is a "physical or mental impairment that substantially limits one or more of the major life activities". 42 U.S.C. § 12102(2)(A). Bipolar disorder is a mental impairment, but the district judge concluded that the record did not create a material dispute about whether it had substantially limited any of Kiesewetter's major life activities. He contends that the condition limits sleeping and working. Effects on sleep may be granted, but the judge found that these effects are mild (i.e., not "substantial" limitations) and did not bear any causal connection to Kiesewetter's difficulties at work. Kiesewetter points to a letter from his physician saying that sleep disorders *can* cause problems at work, but no evidence in this record implies that they *did* cause problems for Kiesewetter in particular.

■ As for working: We shall assume, as we have done before, that "working" was a major life activity under the pre-amendment version of the ADA. See *Squibb v. Memorial Medical Center*, 497 F.3d 775, 781 (7th Cir.2007). (The 2008 amendments specify that "working" is among the covered "major life activities".) A substantial limitation means "inability to work in a broad range of jobs, rather than a specific job." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 200, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); see also 29 C.F.R. § 1630.2(j)(3). Kiesewetter contends that his bipolar disorder prevents him from working as an engineer at Caterpillar but has never tried to show that it prevents him from working at a "broad range of jobs". Bipolar disorder can be more or less severe. People with less severe manifestations of this disorder, which afflicts approximately 1% of the population, hold many different jobs across the economy. To prevail in this suit, Kiesewetter had to show that his condition is sufficiently severe that he is unable to work in a broad range of jobs, yet sufficiently mild that he is "qualified" to perform his duties at Caterpillar. He has not produced evidence from which a reasonable jury could find in his favor on these subjects.

Kiesewetter contends on appeal that he was fired, not because of his condition, but

because of Caterpillar's misapprehensions about bipolar disorder. He did not make such an argument in the district court, however, so this contention has been forfeited.

AFFIRMED.

*NONPRECEDENTIAL DISPOSITION*
*This case was not selected for publication in the Federal Reporter*
*To be cited only in accordance with Fed. R.App. P. 32.1*

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael E. LUEPKE, Defendant–Appellant.**

**No. 07–3711.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 8, 2008.

Decided Oct. 10, 2008.

**Background:** Defendant plead guilty in the United States District Court for the Western District of Wisconsin, Barbara B. Crabb, Chief Judge, of conspiracy to distribute mixture containing methamphetamine, and defendant appealed. The Court of Appeals, 495 F.3d 443, remanded for resentencing. On remand, the District Court sentenced defendant 220 months imprisonment, defendant appealed, and defense counsel moved to withdraw.

**Holdings:** The Court of Appeals held that:

(1) court correctly calculated sentence by considering statutory factors and defendant's request for below-guidelines sentence;

(2) case was not extraordinary, as to warrant acceptance-of-responsibility adjustment when defendant had already received adjustment for obstruction of justice; and

(3) upward adjustment for possession of weapon was warranted.

Appeal dismissed and motion to withdraw granted.

**1. Sentencing and Punishment ⟐66, 103**

Sentencing court correctly calculated defendant's sentence for conspiracy to distribute mixture containing methamphetamine by considering the statutory factors and defendant's request for a below-guidelines sentence because he took methamphetamine to alleviate his Attention Deficit Hyperactivity Disorder (ADHD) before concluding that defendant's distribution of large quantities of methamphetamine to numerous people warranted within-guidelines sentence. 18 U.S.C.A. § 3553(a).

**2. Sentencing and Punishment ⟐765**

Defendant's guilty plea and assistance to law enforcement did not make his case extraordinary, as required to warrant acceptance-of-responsibility adjustment when defendant had already received adjustment for obstruction of justice in sentencing for conspiracy to distribute mixture containing methamphetamine, where defendant threatened to have an associate beaten if the associate talked to the police about him, continued to distribute methamphetamine long after he became aware of the investigation into his activities, and kicked and damaged the door of the vehicle transporting him to the courthouse the day of his arrest. U.S.S.G. § 3E1.1(a), 18 U.S.C.A.

**3. Sentencing and Punishment ⟐726(3)**

Upward adjustment for possession of weapon in defendant's sentencing for conspiracy to distribute mixture containing methamphetamine was warranted, regardless of whether defendant actually brand-

ished or used weapon, where defendant possessed a gun during a drug transaction when he traded guns for methamphetamine, and when he answered the knock of a drug customer with a gun in his pocket. U.S.S.G. § 2D1.1(b)(1), 18 U.S.C.A.

---

Appeal from the United States District Court for the Western District of Wisconsin. No. 06–CR–091–C–01. Barbara B. Crabb, Chief Judge.

Peter M. Jarosz, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Michael E. Luepke, Federal Correctional Institution, Sandstone, MN, Richard H. Parsons, Johanna M. Christiansen, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before KENNETH F. RIPPLE, Circuit Judge, DIANE P. WOOD, Circuit Judge, JOHN DANIEL TINDER, Circuit Judge.

### ORDER

After a lengthy investigation, Michael Luepke was indicted on three counts of conspiring to distribute and distributing methamphetamine under 21 U.S.C. § 841(a)(1) and § 846. The day of his arrest he kicked and damaged the door of the vehicle transporting him to court, which led to an additional charge of attempting to escape from custody under 18 U.S.C. § 751(a). Luepke eventually pleaded guilty to one count of conspiracy to distribute more than fifty grams of a mixture containing methamphetamine. The district court sentenced him to 240 months of imprisonment, within the guidelines range of 210 to 262 months. He appealed, and we remanded for resentencing because he was not given a meaningful opportunity to address the court before being sentenced. *United States v. Luepke*, 495 F.3d 443 (7th Cir.2007). On remand, the district court sentenced Luepke to 220

months. Luepke has again appealed, but his appointed counsel moves to withdraw because counsel discerns no nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Luepke did not accept our invitation to respond to his lawyer's brief, *see* Cir. R. 51(b), so we limit our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first considers whether Luepke could challenge his guilty plea in any manner, but as counsel recognizes, he waived any such argument by not raising it in his first appeal. *United States v. Swanson*, 483 F.3d 509, 515 (7th Cir.2007).

Counsel next considers whether Luepke could challenge the reasonableness of his sentence. We review sentencing decisions for abuse of discretion to ensure that the guidelines range is properly calculated, that the court adequately considered the factors under 18 U.S.C. § 3553(a), and that the sentence is substantively reasonable. *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). We presume a correctly calculated sentence to be reasonable. *See Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2462–64, 168 L.Ed.2d 203 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005).

Luepke's sentence was correctly calculated using the 2005 guidelines and March 2006 supplement, and is the same under the current version. The court appropriately considered the § 3553(a) factors, including Luepke's history and characteristics, the circumstances of his offense, the need for deterrence, and the protection of the community. The court considered Luepke's request for a below-guidelines sentence because he took methamphetamine to alleviate his Attention Deficit Hyperactivity Disorder, but

concluded that his distribution of large quantities of methamphetamine to numerous people warranted a within-guidelines sentence. This was all that was required.

■ Counsel next addresses the issues that Luepke specifically wished to raise. First, counsel considers whether Luepke should have received an acceptance-of-responsibility adjustment for pleading guilty and cooperating with the government's investigation. *See* U.S.S.G. § 3E1.1(a). A defendant is not entitled to the adjustment merely for pleading guilty. U.S.S.G. § 3E1.1 cmt. n. 3; *United States v. Krasinski,* 545 F.3d 546, 554–55 (7th Cir.2008). Moreover, when a defendant receives an adjustment for obstruction of justice, that "ordinarily indicates that the defendant has not accepted responsibility," though there may be "extraordinary cases" in which both adjustments apply. U.S.S.G. § 3E1.1 cmt. n. 4; *Krasinski,* 545 F.3d at 554–55. The PSR reflects, and the court found, that Luepke threatened to have an associate beaten if the associate talked to the police about him (conduct for which Luepke received an obstruction-of-justice adjustment), that he continued to distribute methamphetamine long after he became aware of the investigation into his activities, and that he kicked and damaged the door of the vehicle transporting him to the courthouse the day of his arrest. Given this conduct, his plea and assistance to law enforcement do not make his case extraordinary.

■ Counsel next addresses whether the court erred in adjusting Luepke's sentence upward for possessing a weapon that Luepke did not brandish or use. But brandishing or use is not an element of weapon possession; the guideline requires only that a defendant "possessed" the weapon. *See* U.S.S.G. § 2D1.1(b)(1); U.S.S.G. § 2D1.1 cmt. n. 3; *United States v. Womack,* 496 F.3d 791, 797–98 (7th Cir. 2007). As the district court noted, Luepke does not dispute that he twice possessed a gun during a drug transaction: once when he traded guns for methamphetamine, and once when he answered the knock of a drug customer with a gun in his pocket. Those facts are all that is needed to warrant the upward adjustment.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.