**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4157
_____

RICHARD MCDONALD,
Appellant

v.

PENNSYLVANIA STATE POLICE; COLONEL FRANK PAWLOWSKI,
Commissioner of Pennsylvania State Police in his official capacity;
MAJOR JOHN GALLAHER, in his individual capacity
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2-09-cv-00442)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2013
_____

Before: GREENAWAY, JR., SHWARTZ and BARRY, Circuit Judges

(Opinion Filed: August 9, 2013)
_____

OPINION
_____


BARRY, Circuit Judge

Richard McDonald appeals the October 31, 2012 Order of the District Court

granting summary judgment in favor of the Pennsylvania State Police and Colonel Frank

Pawlowski on McDonald's claims of disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*[1] and the Rehabilitation Act, 29 U.S.C. § 794. What is before us emanates from a December 2002 work-related automobile accident in which McDonald was injured. The parties and their counsel are familiar with the extensive factual and procedural history that has brought us to this point these many years later, a history which, it is undisputed, has been accurately set forth by the District Court in the Opinion we now review, and need not be reprised here. Suffice it to say that, on remand from an earlier appeal to this Court, the District Court held, *inter alia*, that no reasonable jury could conclude that McDonald has an actual disability, and that there was no evidence that MPOETC regarded him as disabled.

McDonald does not argue before us that he has an actual disability; indeed, he concedes he does not. Rather, the dispute before us centers on whether the District Court erred in concluding, on summary judgment, that the MPOETC did not regard him as having a disability when it denied the certification he was seeking, i.e. that it did not perceive him as substantially limited in his ability to perform a major life activity.

We exercise plenary review over a district court's grant of summary judgment, viewing all evidence in favor of the non-moving party and drawing all reasonable

---

[1] The ADA, and its definition of disability, was amended in 2008, with the amendments effective on January 1, 2009. ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008). Because Congress did not provide for retroactive application of the amendments and because the alleged discriminatory conduct here occurred prior to January 1, 2009, we analyze McDonald's ADA claim under the pre-amendment version of the statute. The parties have not suggested that we should do otherwise or, that with one exception not relevant here, the substantive standards for liability under the ADA and the Rehabilitation Act are not the same.

inferences in his or her favor.  *See Powell v. Symons*, 680 F.3d 301, 306 (3d Cir. 2012); *Albright v. Virtue*, 273 F.3d 564, 570 & n.6 (3d Cir. 2001); Fed. R. Civ. P. 56(a). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We have carefully considered the record in this case, the controlling law, and the arguments of counsel.  We conclude, following our review, that we will affirm the order of the District Court.  Although we will affirm the order, we cannot help but observe that certain issues addressed by the Court are not free from doubt—the extent of the deference accorded the MPOETC and the Court's commentary on whether a "regarded as" claim is viable under Title II, e.g., come to mind.  At the end of the day, however, we are satisfied that there was no evidence that MPOETC regarded McDonald as disabled because of any physical or cognitive limitation when it denied his application for certification as a municipal police officer as opposed to simply regarding him as unfit for certification because of the potential side effects from his use of Avinza, a medically prescribed narcotic pain reliever. Given this conclusion, we need not reach the several other issues and sub-issues raised on appeal.