12-3525-cv
Parada v. Banco Industrial de Venezuela, C.A.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2013

(Argued: August 29, 2013          Decided: March 25, 2014)

Docket No. 12-3525-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CARMEN PARADA,

Plaintiff-Appellant,

v.

BANCO INDUSTRIAL DE VENEZUELA, C.A., ALEXANDRA BERMEO,
EVP General Manager, OSCAR RECINOS, Operations Manager, DAIHANA
FERNANDEZ, Letters of Credit Supervisor, IRIS ROSA, IT Officer,
FRANKLYN FELIX, Paying and Receiving Department, DANIEL
BETANCES, Compliance Officer, FLOR VALERDI, Compliance Officer,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: RAGGI, LYNCH, and LOHIER, Circuit Judges.

Claiming that she was unable to sit for a prolonged period of time, Carmen Parada sued her employer, Banco Industrial de Venezuela, C.A. ("BIV"), for discriminating and retaliating against her in violation of the Americans with Disabilities Act of 1990 ("ADA") and analogous State and local antidiscrimination laws, as well as for violating the Fair Labor Standards Act's overtime pay requirements. The United States District Court for the Southern District of New York granted summary judgment in BIV's favor on

all of Parada's federal claims and declined to exercise supplemental jurisdiction over her remaining claims. In dismissing Parada's disability discrimination claim, the District Court held that Parada's inability to sit for a prolonged period of time could not constitute a disability under the ADA as a matter of law. We AFFIRM in part and VACATE and REMAND in part.

DAVID THOMAS AZRIN, Gallet Dreyer & Berkey, LLP, New York, NY, for Plaintiff-Appellant.

GREGORY SETH GLICKMAN (Maureen Maria Stampp, on the brief), Lewis Brisbois Bisgaard & Smith LLP, New York, NY, for Defendants-Appellees.

LOHIER, Circuit Judge:

The primary question presented by this appeal is whether an employee's inability to sit for a prolonged time may constitute a disability under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. The United States District Court for the Southern District of New York (Stein, J.) granted summary judgment in favor of Banco Industrial de Venezuela, C.A. ("BIV" or "the Bank"), dismissing Carmen Parada's claims of discrimination and retaliation under the ADA and analogous State and local laws, as well as her claim for overtime pay and penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. In dismissing the discrimination claim, the District Court held that Parada's inability to sit for a

prolonged period of time, due to a spinal injury that she sustained in 2007, could not constitute a disability under the ADA as a matter of law. For the reasons explained herein, we conclude that such a categorical legal determination is unwarranted and, accordingly, we vacate that portion of the judgment and remand for further proceedings. The District Court's disposition of Parada's remaining federal claims is affirmed.

**BACKGROUND**

1. Facts

In reviewing the District Court's grant of summary judgment in favor of BIV, "we construe the evidence in the light most favorable to the plaintiff, drawing all reasonable inferences and resolving all ambiguities in [her] favor." In re Omnicom Grp., Inc. Sec. Litig., 597 F.3d 501, 504 (2d Cir. 2010) (quotation marks omitted).

Parada worked for BIV as a Senior Letters of Credit Specialist, a largely sedentary job that involved organizing credit letter applications, ensuring that certain documents complied with various standards, and issuing credit letters. Parada regularly worked more than forty hours per week. She

initially submitted her overtime hours until BIV informed her that she was in fact exempt from receiving overtime payments under the FLSA.

Nearly six months into her job, in April 2007, Parada fell on a sidewalk and hurt her back severely enough that she could no longer sit for long periods of time. Her injury prompted her to stand for portions of the workday and to ice her neck and back. After diagnosing Parada with lumbosacral and cervical sprains and several spinal disc herniations, Parada's doctors directed her to avoid sitting for prolonged periods.

Soon afterward, Parada requested an ergonomic chair from BIV's Operations Manager, a bank supervisor. There is no dispute that an ergonomic chair might have enabled Parada to remain at work.[1] In October 2007, having received no response, Parada asked again for a chair and even offered to pay for it, to no avail. In late October or early November 2007 Parada complained to the Bank that she could not continue working without a better chair. Finally, the Operations Manager promised to respond when he returned from a business trip, but advised Parada to speak with another bank supervisor in the interim. Parada's exchange with the Operations Manager

---

[1] Indeed, Parada borrowed a co-employee's ergonomic chair for a day and was able to complete her assignments without pain.

4

appears to have been the last straw. It prompted her to complain to BIV's Compliance Officer that the Bank had failed to accommodate her and then to announce plans to take a leave of absence without a specific return date. As of November 28, 2007, Parada had stopped going to work and had exhausted her paid leave.

What followed was an unfortunate, months-long dispute between BIV and Parada about the extent of her disability, the duration of her leave of absence, and BIV's repeated requests for additional medical documentation of her disability, including proof that she needed to be absent from work. At the onset of the dispute, Parada's orthopedist recommended that BIV provide her with an ergonomic chair, permit her frequent daily breaks, and allow her to obtain short-term disability insurance benefits from early December 2007 until January 7, 2008. BIV completed its portion of the short-term disability insurance benefit forms, and Parada applied for and received the benefits, initially until January 7, 2008.

On January 8, 2008, Parada confirmed that she was unable to return to work. Another round of correspondence followed in which the Bank reprimanded Parada for not providing regular updates about her condition or

medical confirmation that her extended absence was really necessary. Among other things, Parada responded with a medical report reaffirming that her neck and back injuries prevented her from "prolonged sitting." Parada's short-term disability benefits, which by then had been extended by one month, finally expired on February 11, 2008, and her application for long-term disability benefits was denied the following month. On May 1, 2008, the Bank effectively terminated Parada by sending her a letter that stated,

> Despite our repeated requests, you have not provided us with documentation regarding your continued absence from work. We understand that your application for long-term disability benefits was denied on March 25, 2008, and you have not contacted us at all since that date. We therefore have no choice but to consider you to have abandoned your job, effective today . . . .

Joint App'x 213.

That month, Parada, through an attorney, contacted BIV in an effort to get overtime pay for the hours she had worked in excess of forty hours per week, notwithstanding BIV's previous classification of her position as exempt from the FLSA's overtime requirements. After Parada filed a claim in August 2008, the United States Department of Labor ("DOL") conducted an investigation and determined that the Bank owed Parada $1,304.93 in

6

overtime. DOL declined, though, to assess penalties, which would have been appropriate had the FLSA violation been willful. After the DOL's determination, the Bank sent a check to Parada, who refused to accept it.

2. Procedural History

Parada, initially acting pro se, filed a complaint, which she amended in March 2010, alleging, among other things, that BIV had discriminated and retaliated against her by ignoring her requests for reasonable accommodation of her back injury and subsequently firing her. The Bank moved to dismiss the amended complaint. After notifying the parties, the District Court converted the motion into one for summary judgment and granted it as to Parada's disability discrimination claim, concluding that the inability to sit for a prolonged period is not a disability under the ADA. The District Court also granted the motion as to Parada's retaliation claim on the ground that Parada failed to show enough temporal proximity between her requests for an ergonomic chair and her termination to give rise to an inference of causation between the two events. Citing the absence of evidence that the Bank had willfully violated the FLSA, the District Court also dismissed Parada's FLSA overtime claim as barred by the two-year statute of limitations applicable to

7

claims of nonwillful violations of the FLSA. See 29 U.S.C. § 255(a). Finally, the District Court declined to exercise supplemental jurisdiction over Parada's remaining claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

Parada appealed.

**DISCUSSION**

1. ADA Discrimination Claim

On appeal, Parada makes two arguments with respect to her claim of discrimination under the ADA. First, Parada claims that the District Court should not have converted the Bank's motion to dismiss into a motion for summary judgment. Second, Parada contends that the District Court wrongly concluded that her inability to sit for a prolonged period is not a disability under the ADA. We easily reject the first argument, but we agree with Parada's second argument and hold that impairments that limit the ability to sit for long periods of time do not categorically fail to qualify as disabilities under the ADA.

a. Conversion of the Motion to Dismiss

Federal Rule of Civil Procedure 12(d) provides as follows:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

We review the District Court's decision to convert BIV's motion to dismiss for abuse of discretion, recognizing that Parada was pro se when the District Court made its decision. See In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 58 (2d Cir. 1998).

"[A] district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give sufficient notice to an opposing party and an opportunity for that party to respond." Hernández v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (quotation marks omitted). Notice is "particularly important" for a pro se litigant, who must be "unequivocal[ly]" informed "of the meaning and consequences of conversion to summary judgment." Id. at 307–08 (quotation marks omitted). The District Court clearly notified Parada that the Bank's motion to dismiss could be converted into a motion for summary judgment, and its eventual decision to effect the conversion was not otherwise improper. Among other

things, the information relevant to Parada's discrimination claim – whether Parada was disabled under the ADA – was within Parada's possession, and nothing prevented her from submitting that information in the form of her own medical records or an affidavit evidencing her disabling injuries. We conclude that the District Court acted within its discretion in treating the Bank's motion as one for summary judgment.

b. Parada's Alleged Disability

We turn to the District Court's dismissal of Parada's claim of discrimination under the ADA. As part of her prima facie case, a plaintiff must prove that she is "disabled" as defined under the ADA. See McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013). As relevant here, the ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Even before the 2008 amendments to the ADA,[2] we recognized

_____

[2] We agree with the parties—and with every one of our sister circuits to have addressed the issue—that the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008), is not retroactive and is therefore inapplicable to the conduct in this case, which occurred prior to the Act's effective date of January 1, 2009. See Wehrley v. Am. Family Mut. Ins. Co., 513 F. App'x 733, 738 (10th Cir. 2013); McDonald v. Pa. State Police, 532 F. App'x 176, 176 n.1 (3d Cir. 2013); Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 151–52 (4th Cir. 2012); Nyrop v. Indep. Sch. Dist. No. 11, 616 F.3d 728, 734 n.4 (8th Cir. 2010);

10

that an impairment "substantially limits" a major life activity if the impaired person is "[s]ignificantly restricted as to the condition, manner or duration under which [she] can perform" the activity. 29 C.F.R. § 1630.2(j)(1)(ii) (1991); see also Bartlett v. N.Y. State Bd. of Law Exam'rs, 226 F.3d 69, 80 (2d Cir. 2000).[3] We also recognized that the Equal Employment Opportunity Commission ("EEOC"), tasked with implementing regulations for the ADA, listed "sitting" as a major life activity. See Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 870 (2d Cir. 1998) (citing EEOC, Americans with Disabilities Act Handbook I–27 (1992)).

Relying principally on Colwell v. Suffolk County Police Department, 158 F.3d 635 (2d Cir. 1998), the District Court reasoned that "[b]ecause, as a matter of law, an impairment which limits the ability to sit for long periods of

Thornton v. UPS, Inc., 587 F.3d 27, 34 n.3 (1st Cir. 2009); Lytes v. DC Water & Sewer Auth., 572 F.3d 936, 945 (D.C. Cir. 2009); Milholland v. Sumner Cnty. Bd of Educ., 569 F.3d 562, 567 (6th Cir. 2009); EEOC v. Agro Distrib., LLC, 555 F.3d 462, 469 n.8 (5th Cir. 2009); Becerril v. Pima Cnty. Assessor's Office, 587 F.3d 1162, 1164 (9th Cir. 2009); Kiesewetter v. Caterpillar Inc., 295 F. App'x 850, 851 (7th Cir. 2008).

[3] After the ADA Amendments Act of 2008 the EEOC clarified that "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). Thus, "[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." Id. § 1630.2(j)(1)(ii).

time is not recognized as a substantial limitation, Parada is not disabled pursuant to the ADA." Parada v. Banco Indus. de Venezuela, C.A., No. 10 Civ. 0883(SHS), 2011 WL 519295, at *6 (S.D.N.Y. Feb. 15, 2011). Colwell involved three police officers who alleged a violation of the ADA by the Suffolk County Police Department. At trial, one of the officers testified that he could not "sit 'too long,' and [that] 'prolonged' sitting is a problem at work," 158 F.3d at 644, while another officer testified that he had "difficulty standing 'for a long period of time,' or sitting 'for too long,'" id. We held that the first officer's testimony was "marked throughout by hedging and a studied vagueness, so that there is no support for the idea that his impairments would be significantly limiting to 'the average person in the general population.'" Id. (quoting 29 C.F.R. § 1630.2(j)(1) (1998)). We held that the second officer's testimony did not support the conclusion that he was "'substantially' impaired in his ability to . . . sit . . . as compared with the average person." Id. We therefore overturned the jury's verdict that the defendant police department was liable under the ADA. Id. at 647.

Some district courts have mistakenly interpreted Colwell as creating a per se rule that "the major life activity of sitting is substantially limited only if

the plaintiff's impairment precludes him from sitting at all, not if the plaintiff's impairment merely makes it more difficult to sit." Batac v. Pavarini Constr. Co., No. 03 Civ. 9783(PAC), 2005 WL 2838600, at *6 (S.D.N.Y. Oct. 27, 2005); cf. Glozman v. Retail, Wholesale & Chain Store Food Emps. Union, Local 338, 204 F. Supp. 2d 615, 622 (S.D.N.Y. 2002) (citing Colwell and holding that as a general matter "the inability to sit or stand for an extended duration does not amount to a substantial limitation on a major life activity"). In fact, our holding in Colwell is much narrower: vague statements about a plaintiff's difficulties with "prolonged" sitting, without more, will not suffice to support a finding of an ADA violation.

To read Colwell more broadly to state a categorical rule would conflict with our precedent in other ADA cases, in which we have rejected bright-line tests and instead emphasized the need for a fact-specific inquiry. See, e.g., McMillan, 711 F.3d at 126; Schaefer v. State Ins. Fund, 207 F.3d 139, 143 (2d Cir. 2000). Such a categorical approach also conflicts with the EEOC's implementing regulations governing Parada's claim, which emphasized that the determination of whether an impairment substantially limits a major life activity involves several factors. 29 C.F.R. § 1630.2(j) (1991). We certainly

13

have never required that a plaintiff show that she is unable to sit at all. If a plaintiff offers evidence that she cannot sit for a prolonged period of time, she may well be disabled under the ADA, depending on her specific factual circumstances. Of course, we recognize that the inability to sit for even an abbreviated period of time, see Picinich v. United Parcel Serv., 321 F. Supp. 2d 485, 502 (N.D.N.Y. 2004) (inability to stand, sit, or walk for more than thirty minutes was a substantially limiting impairment); Meling v. St. Francis Coll., 3 F. Supp. 2d 267, 273–74 (E.D.N.Y. 1998) (restrictions on ability to walk, sit, and stand for no more than fifteen minutes each were substantially limiting impairments), is more likely to be a substantial limitation of a major life activity than is the inability to sit for prolonged periods; few people are able to sit for hours on end without genuine discomfort.

Having clarified that the inability to sit even for a prolonged period of time may be a disability depending on the totality of the circumstances, we vacate the District Court's judgment relating to Parada's claim of discrimination under the ADA. We leave it to the District Court on remand to determine in the first instance if the record reflects a genuine dispute of fact as to whether Parada's inability to sit for a prolonged period of time

14

constitutes a substantial limitation of a major life activity, and to address any remaining arguments advanced by the Bank in its summary judgment motion. We note that although Parada's claims that she was "unable to sit, stand, and work" and that her lower back pain increased with "prolonged sitting" or "sitting for a long time" were somewhat vague as to duration, she submitted more specific medical reports in opposition to BIV's motion to dismiss the FLSA claim. One of these reports stated that "she only can sit for 15 mins. then she has to stand up, but before [February 19, 2008] she only can sit for 10 mins." Joint App'x 790.

2. Retaliation Claim

Parada also asks us to vacate the District Court's dismissal of her ADA retaliation claim. Reasoning that the four-month period between her requests for an ergonomic chair and her termination was too long to infer causation based on temporal proximity, the District Court held that Parada failed to establish a prima facie case of retaliation. In urging a contrary conclusion, Parada abandons on appeal the argument that termination constituted the relevant retaliatory act and points instead to BIV's letters of reprimand, which preceded her termination and may be close enough in time to her requests for

accommodation to satisfy the causation element. However, Parada did not argue in the District Court that BIV's letters of reprimand constituted an adverse employment action for the purpose of establishing a prima facie case of retaliation. We therefore consider the argument to have been forfeited. See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quotation marks omitted)). Parada having abandoned any remaining valid basis for challenging the District Court's dismissal of her retaliation claim, we affirm. See Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 124 n.5 (2d Cir. 2013).

3. FLSA Claim

Parada's last day of work at BIV was November 8, 2007, and she filed her FLSA claim on December 23, 2009. The FLSA provides a two-year statute of limitations on actions to enforce its provisions, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Parada argues that her FLSA claim was timely because (1) she is entitled to equitable tolling based on DOL's lengthy review of her claim and because of her brief illness, and

16

(2) there was record evidence that the Bank's FLSA violation was willful, thus triggering the three-year statute of limitations. We briefly address each argument in turn and ultimately affirm the District Court's dismissal of the FLSA claim on statute of limitations grounds.

"To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented [her] from filing [her] claim on time, and that [s]he acted with reasonable diligence throughout the period [s]he seeks to toll." Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013) (quotation marks and alterations omitted). Parada does not merit equitable tolling based on her DOL filing because she could have filed her FLSA claim, which has no administrative exhaustion requirement, see Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981), prior to or during the DOL's review, cf. Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 465–66 (1975) (holding that a plaintiff is not entitled to equitable tolling of the limitations period for a claim under 42 U.S.C. § 1981 during the pendency of an EEOC administrative complaint). Nor, on the record before us, was Parada's medical condition severe enough to prevent her from filing the FLSA claim earlier. First, Parada suffered a physical rather than mental

17

impairment. Second, apart from a short stay in the hospital, Parada points to nothing in the record that suggests her physical condition prevented her from pursuing her FLSA claim earlier. To the contrary, by asking the DOL to review her claim in 2008 – well within the two-year statute of limitations – Parada showed that she was capable of taking legal action much earlier. Her case is therefore to be distinguished from Brown v. Parkchester South Condominiums, 287 F.3d 58 (2d Cir. 2002), upon which she relies.

Pointing next to the three-year statute of limitations for willful FLSA violations under 29 U.S.C. § 255(a), Parada urges that BIV's FLSA violation was "willful." "[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Reich v. Waldbaum, Inc., 52 F.3d 35, 39 (2d Cir. 1995) (quotation marks omitted). "[I]f an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." Id. (quotation marks and alterations omitted). The "plaintiff bears the burden of proof" on the issue of willfulness for statute of limitations purposes. Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999). Like the

18

District Court and the DOL, we discern no record evidence of BIV's willful violation of the FLSA when it mistakenly classified Parada as exempt from the FLSA's overtime requirements. Indeed, Parada failed to adduce any evidence regarding how the misclassification occurred.

### 4. Supplemental Jurisdiction Over State and City Law Claims

In view of our decision to vacate the District Court's dismissal of Parada's claim of discrimination under the ADA, we also vacate the judgment of the District Court dismissing Parada's analogous discrimination and retaliation claims against BIV under the NYSHRL and the NYCHRL. See Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 27 (2d Cir. 2014) (quoting 28 U.S.C. § 1367(c)(1), (2) & (4); Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002)).

**CONCLUSION**

For the foregoing reasons, we AFFIRM the District Court's judgment with respect to Parada's claim under the FLSA as well as her claim of retaliation under the ADA, VACATE the District Court's judgment with respect to Parada's claim of discrimination under the ADA and her claims

19

under the NYSHRL and the NYCHRL, and REMAND for further proceedings consistent with this opinion.