13-3478-cv
Rosario v. Western Reg'l Off Track Betting Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.
-----------------------------------------------------------------------
JAVIER ROSARIO,
                    *Plaintiff-Appellant*,


          v.                                      No. 13-3478-cv


WESTERN REGIONAL OFF TRACK BETTING CORPORATION,
                    *Defendant-Appellee*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:    JAVIER ROSARIO, *pro se*, Albion, New York;
                            Christina A. Agola, Esq., Brighton, New York.[1]

APPEARING FOR APPELLEE:     CHARLES E. GRANEY, Donall O'Carroll,
                            Webster Szanyi LLP, Buffalo, New York.

---

[1] By letter dated February 7, 2014, Plaintiff Javier Rosario informed the court that he would be proceeding pro se.  His brief, filed October 17, 2013, was prepared by counsel, Christina A. Agola.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 14, 2013, is AFFIRMED.

Plaintiff Javier Rosario, now proceeding pro se, appeals from an award of summary judgment in favor of his former employer Western Regional Off Track Betting Corporation ("OTB"), on Rosario's claims of discrimination and retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the nonmovant, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

Rosario, who was suffering from Hodgkin's Lymphoma, worked as a printer at OTB. He took several months' medical leave in 2005 and was fired in 2006. Rosario claims that he raised genuine issues of material fact as to whether (1) he was disabled, or perceived to be disabled, under the ADA; (2) OTB discriminated against him on the basis of actual or perceived disability by terminating his employment and refusing to prove

2

requested accommodations; and (3) OTB interfered with his rights under the FMLA and retaliated against him for taking FMLA leave. Upon independent review of the record and relevant caselaw, we uphold the award of summary judgment for substantially the reasons stated by the district court in its thorough and well-reasoned order.[2]

Rosario also faults the district court for not applying the ADA Amendments Act of 2008 ("ADAAA"). Like the district court, we find this argument unavailing. Rosario's claims accrued in 2005 and 2006. The amendments became effective January 1, 2009, see Pub. L. No. 110-325 § 8, and, as this court has held, do not apply retroactively. See Parada v. Banco Industrial de Venezuela, C.A., --F.3d--, 2014 WL 1202959, at *3 n.2 (2d Cir. 2014); see also Fernandez-Vargas v. Gonzales, 548 U.S. 30, 37 (2006) (noting "a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication" (internal quotation marks omitted)).

We have considered Rosario's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] To the extent Rosario argues that a recommendation letter from his supervisor raised a genuine issue of material fact as to pretext regarding OTB's asserted non-discriminatory reason for Rosario's termination, we decline to consider this argument because it is raised for the first time on appeal. See Schnabel v.Trilegiant Corp., 697 F.3d 110, 130 (2d Cir. 2012).