Concepcion v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
TINA R. CONCEPCION,
        Plaintiff-Appellant,

        -v.-                                16-603

CITY OF NEW YORK,
        Defendant-Appellee,

NEW YORK CITY DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES, NEW YORK
CITY DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, LEGAL AFFAIRS BUREAU
OF PARKING,
        Defendants.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**	Peter A. Hurwitz, Law Office of Peter A. Hurwitz PLLC, New City, NY.

**FOR APPELLEES:**	Jane L. Gordon (Damion K. L. Stodola <u>on the brief</u>), <u>for</u> Zachary W. Carter, Corporation Counsel of the City of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Peck, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the magistrate judge be **AFFIRMED.**

Tina Concepcion alleges that New York City ("the City") failed to reasonably accommodate her disabilities, discriminated against her based on numerous protected categories, and retaliated against her for complaining about those purported violations. The United States District Court for the Southern District of New York (Peck, <u>M.J.</u>) dismissed the suit on summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Concepcion alleges errors in discovery. Although her brief is obscure, its thrust is that the court erred in denying her motion to compel the City to produce certain documents. We review a denial of a motion to compel discovery for abuse of discretion. <u>In re Fitch, Inc.</u>, 330 F.3d 104, 108 (2d Cir. 2003).

Discovery closed on November 10, 2015. At the discovery conference the day before, the magistrate judge asked Concepcion if she was satisfied with the City's performance of its discovery obligations. Concepcion stated that she desired additional documents, and (after a somewhat confusing colloquy) the magistrate judge ordered the City to produce additional documents relating to the salaries of City employees that had the same or a similar job title as Concepcion. The magistrate judge then asked Concepcion whether she had any additional discovery issues to raise, reminding her that this was her last opportunity to do so. Concepcion said, "That's fine."

2

On November 20, 2015, Concepcion filed a "motion to compel," stating that she had recently realized that the government had not provided as many documents responding to Concepcion's initial request as she had thought. The motion was vague and conclusory, did not identify the documents she requested with particularity, and did not explain the importance of her requested documents. The magistrate judge summarily denied the motion, but ordered an additional discovery conference. At the conference, the magistrate judge declined to compel additional discovery.

The denial of the motion to compel was well within the court's discretion.

Concepcion suggests that the grant of summary judgment was precluded by Federal Rule of Civil Procedure 56(d),[1] which allows courts to defer consideration of a summary judgment motion, or to issue other appropriate orders, when the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment. Concepcion appears to fall well short of the requirements of this rule on the merits, but in any event, she did not raise a Rule 56(d) argument before the magistrate judge. We decline to consider this argument for the first time on appeal. See Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994).

**2.** Concepcion challenges the dismissal of her retaliation claims and her claims under the Americans with Disabilities Act ("ADA"); but her brief is so lacking in argumentation that we deem the claims abandoned.[2] "It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001) (internal quotation marks omitted).

---

[1] Concepcion cites a previous version of Rule 56(d), then codified at Rule 56(f). There is no substantive legal difference between these versions of the Rule. See Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment.

[2] Concepcion asserted several other causes of action before the magistrate judge that are not raised on appeal, and are consequently abandoned.

The magistrate judge dismissed Concepcion's ADA claims after concluding that "[b]eyond the bare allegations in her complaint, and testimony that her various disabilities cause pain, Concepcion has presented little evidence as to what her impairment is, or how it substantially limits a major life activity." Special App'x at 30 (citations omitted). "[V]ague statements about a plaintiff's difficulties . . . , without more, will not suffice to support a finding of an ADA violation." <u>Parada v. Banco Industrial de Venezuela, C.A.</u>, 753 F.3d 62, 69 (2d Cir. 2014). Summary judgment was granted on the independent ground that "Concepcion has not established that the City failed to provide her with reasonable accommodations." Special App'x at 31. Concepcion's brief does not contain a sufficient explanation of how the magistrate judge purportedly erred. Her ADA claim is therefore deemed abandoned.

Moreover, Concepcion concedes that she cannot survive summary judgment on her ADA claim unless she receives the additional discovery she requested. Accordingly, our affirmance of the denial of the motion to compel constitutes an independent ground to affirm the grant of summary judgment on the ADA claim.

Concepcion's retaliation claims are deemed abandoned. The magistrate judge carefully considered Concepcion's numerous allegations of retaliation, and found that they were conclusory, did not involve protected activities, did not result in adverse employment actions, and involved non-discriminatory actions taken by the City for an unrebutted, legitimate purpose. Concepcion's brief fails to address these determinations in a meaningful way, conclusorily reciting that "competent evidence" showed that the City's justifications were not legitimate if every inference is taken in her favor. Appellant's Opening Br. at 31. The lack of a substantial attempt to develop Concepcion's arguments dooms her claims. <u>See</u> <u>Tolbert</u>, 242 F.3d at 75.

For the foregoing reasons, and finding no merit in Concepcion's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK