22-1343-cv
*Peterson v. Wells Fargo Bank, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

Alyssa S. Peterson,

> *Plaintiff-Appellant*,

> v.                                                                22-1343-cv

Wells Fargo Bank, N.A.,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          ALYSSA S. PETERSON, *pro se*, Hartford, CT.

FOR DEFENDANT-APPELLEE:          SEAN R. HIGGINS, K&L Gates LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Alyssa Peterson, proceeding *pro se*, appeals the dismissal of her complaint against Wells Fargo Bank, N.A. ("Wells Fargo"), in which Peterson asserted various claims arising from foreclosure proceedings initiated by Wells Fargo in North Carolina state court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

According to the operative complaint, in 2008, Peterson defaulted on a loan that was secured by her property in Kure Beach, North Carolina ("North Carolina property"). As a result, Wells Fargo, the holder of the promissory note, sought to execute a foreclosure sale on Peterson's North Carolina property. Before the foreclosure sale could take place, Peterson filed for Chapter 13 bankruptcy protection, staying the North Carolina foreclosure proceedings. *In re Peterson*, No. 2:10-bk-23429 (Bankr. D. Conn. 2010). Eventually, Peterson and Wells Fargo settled, agreeing that Peterson would make payments towards her outstanding debt. However, Peterson defaulted on these post-settlement payments. In 2017, Wells Fargo filed a notice of termination of the automatic bankruptcy stay on the North Carolina property by operation of law pursuant to 11 U.S.C. § 362(e)(2) to move forward with the foreclosure. On May 23, 2018, Peterson received an amended notice of foreclosure sale, which cited the initial collection file number and the initial foreclosure case number. Peterson expected that lifting the automatic stay would permit foreclosure proceedings to resume but believed that Wells Fargo was legally required to start the foreclosure process from the beginning, rather than resurrecting the initial file. Before the foreclosure sale could occur, Peterson paid the outstanding debt in full.

2

In 2020, Peterson filed the instant suit against Wells Fargo, alleging that the bank improperly reinstated the existing North Carolina foreclosure case instead of filing a new foreclosure action. Her initial complaint included both federal and state law claims. Wells Fargo filed its first motion to dismiss the complaint in its entirety on Rule 12(b)(1) and Rule 12(b)(6) grounds. The district court granted Wells Fargo's motion, dismissing Peterson's Full Faith and Credit Act claim with prejudice for failure to state a claim, bankruptcy-related claims for lack of jurisdiction, and Fair Debt Collections Practices Act claims without prejudice for failure to state a claim. Finally, the district court declined to exercise supplemental jurisdiction over Peterson's state law claims.

In 2021, Peterson filed an amended complaint, which Wells Fargo also moved to dismiss. Thereafter, Peterson filed a Second Amended Complaint ("SAC"), which asserted five causes of actions: (1) violations of the Connecticut Unfair Trade Practices Act ("CUTPA"); (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) negligent misrepresentation; and (5) wrongful foreclosure. SAC at 11–21, *Peterson v. Wells Fargo Bank, N.A.*, No. 3:20-cv-781 (D. Conn. June 4, 2021), ECF No. 34 at 11–21. Wells Fargo again moved to dismiss. At Peterson's request, the district court permitted her to submit additional documents supplementing the record and advised the parties that it might convert the motions to dismiss under Federal Rule of Civil Procedure 12 into motions for summary judgment under Rule 56 after reviewing the documents supplementing the record. On November 30, 2021, Peterson submitted twenty supplemental documents. On December 11, 2021, Wells Fargo filed a response.

On March 31, 2022, the district court dismissed all claims with prejudice. In its decision, the district court noted that it decided not to convert the motion to dismiss to a motion for summary

judgment and did not rely on Peterson's supplemental documents, nor on Wells Fargo's response. Peterson unsuccessfully moved for reconsideration and then timely appealed.[1]

## I. Consideration of Extrinsic Documents

Peterson first challenges the district court's decision not to convert the motion to dismiss into a motion for summary judgment under Rule 12(d), and (liberally construed) its concomitant decision to consider some documents external to the complaint but not her supplemental submissions. We review both decisions for abuse of discretion. *See Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62, 67–68 (2d Cir. 2014) (Rule 12(d) conversion to summary judgment); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008) (consideration of documents under Rule 12(b)(6)).

We find no abuse of discretion as to either decision. When presented with matters outside the pleadings that are not properly considered on a Rule 12(b)(6) motion, a district court can either elect to exclude documents and rule on a motion to dismiss, or consider the documents and "convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). Here, the district court acknowledged that conversion to summary judgment was permissible because the parties were on

---

[1] As a preliminary matter, Peterson does not address, in her appellate brief, the district court's bases for dismissal of her claims under CUTPA (or its North Carolina equivalent, which the district court construed her complaint liberally to assert), breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, or wrongful foreclosure. Accordingly, she has waived any challenges to the dismissal of these claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding that *pro se* litigant abandoned challenge to the district court's adverse ruling because "he did not raise [the] issue in his appellate brief"). In any event, even if we were to overlook that waiver, we would nevertheless affirm the dismissal of these claims for substantially the same reasons given by the district court in its thorough and well-reasoned decision.

notice that the court was considering the possibility and had the opportunity to submit additional materials to be considered by the court. Although the district court ultimately declined to do so, its decision was not an abuse of discretion. "[W]here there is a legitimate possibility that the district court relied on inappropriate material in granting [a motion to dismiss]," we may reverse for failure to convert the motion into one for summary judgment. *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999). However, "reversal for lack of conversion is not required unless there is reason to believe that the extrinsic evidence actually affected the district court's decision." *Id*. at 51. Here, the district court expressly stated that it had "excluded" both parties' supplemental submissions from consideration. *Peterson v. Wells Fargo Bank, N.A.*, No. 3:20-cv-781, 2022 WL 972415, at *8 (D. Conn. Mar. 31, 2022), *adhered to on reconsideration*, No. 3:20-cv-781, 2022 WL 1605468 (D. Conn. May 20, 2022). Specifically, the district court acknowledged Peterson's supplemental submissions in its recitation of the case's procedural history, but made abundantly clear in its analysis that it was otherwise excluding the documents, as well as Wells Fargo's response to Peterson's submission, from consideration in the motion to dismiss decision.[2] Thus, the district court was well within its discretion in declining to convert the motion to dismiss into a motion for summary judgment.

To the extent the district court did rely on certain other external documents in its decision on the motion to dismiss, it similarly did not abuse its discretion in doing so. It is well settled that a district court's "[c]onsideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). For example, under Federal

---

[2]    In addition, we note that Peterson does not persuasively explain how converting the motion to one for summary judgment, and consideration of the excluded materials that she submitted, would have allowed her claims to survive dismissal.

Rule of Evidence 201, courts may take judicial notice of facts from publicly available documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings."). Moreover, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers*, 282 F.3d at 152 (internal quotation marks and citation omitted). Here, the district court considered "documents that Peterson appended to or referred to in the [SAC]" and "specific filings in both the Foreclosure and Bankruptcy Cases," which Peterson repeatedly referenced. *Peterson*, 2022 WL 972415, at \*8. Accordingly, the district court was permitted to consider such documents under Rule 12(b)(6) without converting the motion to dismiss into a summary judgment motion.

## II. Breach of Contract Claim

Peterson next challenges the district court's dismissal of her breach of contract claim. "We review *de novo* a district court's grant of a dismissal under Rule 12(b)(6)." *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023). In conducting that review, "we accept all factual allegations as true and draw every reasonable inference from those facts in the plaintiff's favor." *Id.* (internal quotation marks and citation omitted). "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Mayor of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v.*

6

*Twombly*, 550 U.S. 544, 555 (2007)).  Therefore, "[t]o survive dismissal, a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* at 135 (quoting *Twombly*, 550 U.S. at 570).

Peterson's breach of contract claim is premised on her allegations that Wells Fargo breached the bankruptcy settlement.  In particular, she alleges that, despite the fact that a "bankruptcy court issued a ruling affirming the pre-petition collection matter was 'moot' and settled," Wells Fargo breached the settlement agreement "by resurrecting the extinguished pre-petition collection file and related court case, and falsely us[ing] them as a legal means or a vehicle to issue and serve a so-called 'amended' notice of foreclosure."  SAC at 12–13, ¶¶ 63, 65 (internal citations omitted).

The district court analyzed this claim under the heightened pleading standard under Rule 9(b), which governs averments of fraud, because the court determined that "Peterson's breach claim incorporate[d] allegations of fraud."  *Peterson*, 2022 WL 972415, at *21.  However, we need not address whether Rule 9 applies because we conclude that, even under the less demanding Rule 8 pleading standard, Peterson failed to state a plausible claim for breach of contract.  *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) ("[W]e may affirm on any ground supported by the record." (internal quotation marks and citation omitted)).

Under Connecticut law,[3] to state a breach of contract claim, a plaintiff must plead "the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages."  *CCT Commc'ns, Inc. v. Zone Telecom, Inc.*, 172 A.3d 1228, 1240 (Conn. 2017) (internal quotation marks and citation omitted).  Here, Peterson failed to indicate which contractual

---

[3] Peterson does not contest that Connecticut law applies to her breach of contract claim.

7

term Wells Fargo breached or why Wells Fargo's use of the pre-petition collection file number violated the settlement agreement. Indeed, her failure to make post-settlement payments triggered the resumption of the foreclosure proceedings notwithstanding the settlement agreement. *Cf. Weiss v. Smulders*, 96 A.3d 1175, 1197 (Conn. 2014) ("Under contract law, it is well settled that a material breach by one party discharges the other party's subsequent duty to perform on the contract."). Accordingly, Peterson failed to state a plausible claim for breach of contract.

## III. Amendment

Finally, Peterson challenges the district court's failure to allow leave to amend her complaint for the third time. This Court "review[s] the district court's denial of leave to amend for abuse of discretion." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks and citation omitted). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* However, "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). In addition, denial of leave to amend on futility grounds is reviewed *de novo*. *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022).

Here, the district court explained its reasoning for declining Peterson an opportunity to amend her complaint a third time. Specifically, the district noted that "Peterson ha[d] already been granted leave to amend several times" and that "granting leave to amend the claim [again] would

be futile." *Peterson*, 2022 WL 972415, at \*10; *see also id.* at \*18–21, 24–25. Peterson, having been previously granted leave to amend, has not identified how a third amendment would allow her to correct the numerous pleading deficiencies identified by the district court in her SAC. Therefore, the district court correctly denied leave to amend.

We have considered Peterson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9